**In re Dale Willis KEEFE and Mary Anne Keefe, f/d/b/a Star Rental Services, Debtors.**

**FAIR CITY ENTERPRISES, INC., Plaintiff,**

v.

**Dale Willis KEEFE, and Mary Anne Keefe, d/b/a Star Rental Services, Defendants.**

Bankruptcy No. 484–00140.
Adv. No. 485–0022.

United States Bankruptcy Court, D. South Dakota.

May 2, 1985.

Clair R. Gerry and Ronald D. Buskerud, Stuart & Gerry, Sioux Falls, S.D., for plaintiff.

Douglas P. Cummings, Jr., Sioux Falls, S.D., for defendants.

Rick A. Yarnall, Sioux Falls, S.D., Trustee.

## MEMORANDUM DECISION AND ORDER

PEDER K. ECKER, Bankruptcy Judge.

On March 12, 1985, Plaintiff Fair City Enterprises, Inc., filed the above-entitled adversary action asking the Court to determine that certain debts owed to it by the debtors are nondischargeable under 11 U.S.C. § 523(a)(4). On April 3, 1985, the debtors moved the Court to dismiss the adversary action on the grounds that it was not timely filed under Bankruptcy Rule 4004(a) of the Bankruptcy Code. Fair City Enterprises filed a resistance, stating that, although the complaint was filed more than sixty days from the date first set for a meeting of creditors, it was less than sixty days from when the debtors first appeared at a meeting of creditors. A hearing was held on April 26, 1985, at 10:30 a.m. There were no appearances by or for the debtors. Attorney Ronald D. Buskerud appeared for Fair City Enterprises and Rick A. Yarnall, the Chapter 7 Trustee, appeared pro se. Although the Court indicated at the hearing that the motion to dismiss the adversary would not be granted, the matter was taken under advisement for the purpose of clarifying the Court's position on the question of when the sixty-day period for the filing of complaints to determine dischargeability under Rule 4007(c) begins to run.

Bankruptcy Rule 4007(c) provides, in pertinent part:

"A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a)."

The rule is simply stated and promotes expedient handling of dischargeability complaints by fixing a filing deadline. The rule, however, does not address what is a fairly common situation in a world of human beings—that of a debtor who cannot or, for some reason, will not attend a meeting of creditors on the date when it is first set or scheduled. This Court is of the opinion that the drafters of Rule 4007(c) did not anticipate such a situation and, therefore, that the Court must determine how the rule should apply in those circumstances.

The Court will begin with the assumption that the choice of the first meeting date was not an arbitrary one. The chief function of meetings of creditors is to provide a method for the creditors to elect a trustee, examine the debtor, and be heard generally on questions concerning the handling of the estate. 2 *Collier on Bankruptcy* § 341.01. According to the legislative history, the examination of the debtor is intended to provide creditors with the opportunity to discover whether assets have been con-

cealed, improperly disposed of, or if there are grounds for objections to discharge. H.R.Rep. No. 595, 95th Cong., 1st Sess. 331 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 42 (1978). It is logical, then, that the filing period for dischargeability complaints would run from the date of the meeting of creditors, as long as the creditors had an opportunity to examine the debtor. When the debtor does not appear for examination on the date first set for the meeting, however, that date ceases to be a logical starting point for the filing of dischargeability complaints. Were the sixty-day period to begin on that date even if the debtor did not appear, it would force creditors to file complaints based upon speculation or to hold Rule 2004 examinations to obtain the information they needed. This would result in unnecessary examinations and complaints, much duplication of effort, and considerable expense. This Court sees such an interpretation of Rule 4007(c) to be inconsistent with the expedient handling of dischargeability complaints. The Court holds that the sixty-day filing period in Rule 4007(c) shall begin to run from the first date when a Section 341 meeting of creditors, at which the debtor appears, is held.

Based on the foregoing, it is hereby

ORDERED that the motion to dismiss the complaint in the above-entitled matter be and hereby is denied; and it is further hereby

ORDERED that any answer to the complaint shall be filed and served by the above-entitled debtors/defendants within ten (10) days from the date hereof in accordance with Bankruptcy Rule 7012; and it is further hereby

ORDERED that trial of the proceeding commenced by the complaint in this matter is rescheduled from May 10, 1985, at 9:00 a.m. to Thursday, June 27, 1985, at 9:00 a.m., in the Bankruptcy Courtroom, Room 133, Federal Building and U.S. Courthouse, 400 South Phillips Avenue, in Sioux Falls, South Dakota.