**In re David John REA and Maricruz Gisbert Rea, Debtor.**

**Bankruptcy No. 83–00473.**

United States Bankruptcy Court, District of Columbia.

June 12, 1985.

Howard B. Teller, Robert O. Tyler, Kenneth Loewinger, Washington, D.C., for debtor.

ORDER

GEORGE FRANCIS BASON, Jr., Bankruptcy Judge.

Upon consideration of the Debtors' "application to extend discharge hearing date," it is, on June 12, 1985,

ORDERED that the Debtors' discharge hearing is continued until August ____, 1985, at ____.m., and it is further

ORDERED that the Debtors' request (contained in their above-described application) that this Court "extend the statute of limitations [for filing complaints objecting to discharge or dischargeability] with the consent of the debtors," is denied, in view of the explicit limitations on this Court's powers contained in Bankruptcy Rules 4004(a), 4007(c) and 9006(b)(3) (*see In re Pigott*, 684 F.2d 239 (3d Cir.1982); *In re V–M Corp.*, 23 B.R. 952 (Bankr.W.D.Mich. 1982); *In re Tavares*, 23 B.R. 129 (Bankr. D.R.I.1982). This denial is without prejudice to the Debtors' right to waive their defense of untimeliness with respect to any complaint objecting to discharge or dischargeability filed *after* the time therefor as specified in this Court's Order of February 28, 1985, but *before* the date set forth above in this Order for the Debtors' continued discharge hearing. (*See* Bankruptcy Rule 7008(a), incorporating Rule 8(c), F.R. Civ.P.) The Debtors appear to have exercised this right by the request contained in their application that this Court "extend the statute of limitations."