**In re Robert Wayne McDOWELL, Debtor.**

**Bankruptcy No. 1–85–00532.**

United States Bankruptcy Court, M.D. Pennsylvania.

Jan. 30, 1986.

John W. Thompson, Jr., York, Pa., for debtor.

Lawrence V. Young, York, Pa., trustee.

**MEMORANDUM CONCERNING MOTIONS TO EXTEND TIME FOR FILING OBJECTIONS TO DISCHARGE**

ROBERT J. WOODSIDE, Bankruptcy Judge.

Before the court are the motions of creditors Joyce E. McDowell and the Sparks State Bank for an Order extending the time for filing objections to the debtor's discharge. After reviewing the motions and, for the purposes of this decision, accepting all factual allegations contained therein as true, we believe that the motions must, nevertheless, be denied.

**Procedural Background**

Robert Wayne McDowell filed a petition under Chapter 7 of the Bankruptcy Code on July 18, 1985. The first meeting of creditors was scheduled for August 29, 1985. The notice of this meeting fixed the date of October 28, 1985, as the last day for the filing of objections to the debtor's discharge. Due to the illness of the trustee, the first meeting was rescheduled to September 26, 1985. A notice issued by the clerk's office notified creditors of the rescheduled date but gave no indication that the last day for filing objections had been changed. The debtor was examined on September 26, 1985. Movants assert however that the examination of the debtor was not completed at that time and that a

deposition of the debtor was scheduled for and held on October 9, 1985.

On November 1, 1985 Joyce E. McDowell filed the instant motion for an extension of time to file objections to discharge. The Sparks State Bank filed a similar motion on November 8, 1985. Both motions were thus filed after the time designated for filing objections to discharge had expired.

### Discussion

Bankruptcy Rule 4004(a) states in part:

In a chapter 7 liquidation case a complaint objecting to the debtor's discharge under § 727(a) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a).

Rule 4004(b) which addresses requests for extensions of time to file objections states:

On motion of any party in interest, after hearing on notice, the court may for cause extend the time for filing a complaint objecting to discharge. *The motion shall be made before such time has expired.*

11 U.S.C. B.R. 4004(b) (emphasis added).[1]

Movants argue that the phrase "60 days following the first date set for the meeting of creditors," really means 60 days following the date on which the meeting of creditors is actually held. In support of this position movants cite the case of *In re Keefe,* 48 B.R. 717 (Bankr.D.S.D.1985), which held that the sixty-day filing period in Rule 4007(c) should begin to run from the first date when a Section 341 meeting of creditors, at which the debtor appears, is held.

The Court in *Keefe,* in construing Bankruptcy Rule 4007(c), believed that the drafters of that rule did not anticipate and the rule, consequently, did not address the situation in which a debtor cannot or will not attend a meeting of creditors when it is first scheduled.

In addressing this situation, the court noted that the examination of the debtor was intended to provide creditors with the opportunity to discover whether assets have been concealed or improperly disposed of, or whether there are grounds for objection to discharge. The court concluded that if the sixty-day period were to begin on the date first scheduled for the creditors meeting, even when the debtor did not appear, creditors would be unduly prejudiced. The Court stated:

Were the sixty-day period to begin on that date even if the debtor did not appear, it would force creditors to file complaints based upon speculation or to hold Rule 2004 examinations to obtain the information they needed. This could result in unnecessary examinations and complaints, much duplication of effort, and considerable expense. This Court sees such an interpretation of Rule 4007(c) to be inconsistent with the expedient handling of dischargeability complaints.

*Keefe,* 48 B.R. at 719.

■ We note, however, that at least one other court has declined to adopt this interpretation of Rule 4004. In *Matter of Hill,* 48 B.R. 323 (N.D.Ga.1985), the Court stated:

This construction ignores the language of the Rules and cannot be adopted by the court. The Bankruptcy Rules make no special provision for the filing date of dischargeability complaints in the event of a rescheduling of the first meeting of creditors and the court will not read one into them.

*Id.* at 325. We agree with the *Hill* court that the plain meaning of the Rule 4004 is that the 60 day period runs from the first date set for the meeting of creditors. In addition, we do not believe that such a reading of Rule 4004 would necessarily require unwarranted examinations and complaints. We recognize that in cases where the first meeting of creditors is rescheduled, creditors may not have sufficient information to determine whether or not to object to the debtor's discharge or sufficient time to prepare a complaint before

---

1. Similar provisions concerning deadlines for filing complaints to determine the dischargeability of any debt are found in Bankruptcy Rule 4007(c).

the designated time period expires. In such cases, however, Rule 4004(b) would allow a creditor to move for an extension of time to file a complaint until some time after the debtor has been fully examined. In the present case, for example, we note that all examinations of the debtor were completed by October 9, 1985. Creditors thus had a clear opportunity to move for an extension of time before the October 28, 1985 deadline had passed. We conclude that Bankruptcy Rule 4004 sets a clear deadline for filing objections to discharge and, at the same time, provides a means by which creditors can protect their interests in situations where the meeting of creditors is postponed. We find no reason to stray from the plain meaning of this rule.

As a final argument, movant Joyce E. McDowell seeks an exception to the time constraints imposed by Rule 4004 on the basis that she relied on the erroneous belief of her prior attorney that the filing deadline had been extended. We note, however, that Bankruptcy Rule 9006(b) places clear restrictions on this Court's authority to enlarge the designated time period for filing objections.

Rule 9006(b)(3) provides:

(3) *Enlargement Limited.* The Court may enlarge the time for taking action under Rules 1006(b)(2), 3002(c), 4003(b), 4004(a), 4007(c), and 8002 only to the extent and under the conditions stated in those rules.

Because Rule 4004(a) allows this court to extend the time period for filing a complaint objecting to discharge only when the motion for extension is filed before the 60 day time period has expired, this court lacks authority to grant untimely requests for extensions even where the requests are late due to alleged excusable neglect. *See,* e.g., *In re Smolen,* 48 B.R. 633, (Bankr.N. D.Ill.1985); *In re Grant,* 45 B.R. 265, 266 (Bankr.D.Maine 1984).

Accordingly, the motions for an order extending the time to file objections to discharge will be denied. An appropriate Order will be entered.