In re Allen J. **BETINSKY** and Eilene R. Betinsky, Debtors.

Bankruptcy No. 84–02302G.

United States Bankruptcy Court, E.D. Pennsylvania.

March 14, 1986.

See also 45 B.R. 244.

Nathan Lavine, Gary M. Schildhorn, Adelman Lavine Krasny Gold & Levin, Philadelphia, Pa., for debtors, Allen J. Betinsky and Eilene R. Betinsky.

James T. Watkins, Milton Becket Associates, Philadelphia, Pa., for creditor, Martin Cohen.

Michael A. Cibik, Philadelphia, Pa., interim trustee.

## OPINION

EMIL F. GOLDHABER, Chief Judge.

The object of this inquiry is whether under Bankruptcy Rules 4007(c) and

4004(a) the 60 day deadline for filing a complaint for an exception or objection to discharge runs from the "first date set" for the first meeting of creditors or the first date on which the first meeting of creditors is actually convened. Based on the reasons expressed below, we conclude that the 60 day period runs from the "first date set" for the first meeting of creditors.

We summarize the facts of this case as follows:[1] The debtors filed a petition for reorganization under chapter 11 of the Bankruptcy Code ("the Code") although shortly thereafter the case was converted to a chapter 7 proceeding. After conversion, an order was signed fixing June 11, 1985, as the date for the first meeting of creditors. At the duly appointed time neither the debtors nor their counsel appeared. The apparent reason for their absence was that the debtors had moved to Florida and could not afford the costs of returning for the first meeting. In light of the debtors' absences we scheduled several additional first meetings but it was not until December 18, 1985, that one of the debtors, the husband-debtor, appeared with counsel at a scheduled first meeting of creditors. At that meeting the husband revealed that his business and financial records were lost during the debtors' move to Florida, as a result of which certain financial transactions could not be documented.

On January 8, 1986, a creditor, Martin Cohen ("Cohen") filed a motion for an extension of time to file a complaint for an objection or exception to the debtors' discharge. Cohen advanced his motion on the belief that under Bankruptcy Rules 4004(a) and 4007(c) the 60 day deadlines (for filing the type of complaint at issue) runs from the first date on which the first meeting of creditors was actually *convened*, which, he asserts, is December 18. The debtors contend that the 60 day deadline runs from the "first date *set*" for the first meeting of

creditors, regardless of when the first meeting is initially convened.

Bankruptcy Rule 4004(a) states as follows:

(a) Time for Filing Complaint Objecting to Discharge; Notice of Time Fixed. In a chapter 7 liquidation case a complaint objecting to the debtor's discharge under § 727(a) of the Code shall be filed not later than 60 days following the *first date set* for the meeting of creditors held pursuant to § 341(a). In a chapter 11 reorganization case, such complaint shall be filed not later than the first date set for the hearing on confirmation. The court shall give not less than 25 days notice of the time so fixed to all creditors in the manner provided in Rule 2002, and to the trustee and his attorney.

Bankruptcy Rule 4004(a) (emphasis added). An analogous provision, Bankruptcy Rule 4007(c), is phrased in the following language:

(c) Time for Filing Complaint Under § 523(c) in Chapter 7 Liquidation and Chapter 11 Reorganization Cases; Notice of Time Fixed. A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the *first date set* for the meeting of creditors held pursuant to § 341(a). The court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002. On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.

Bankruptcy Rule 4007(c) (emphasis added). As indicated by the language we highlighted in both rules, the 60 day period commences with the "first date set" for the first meeting of creditors. Although there is authority to the contrary, the clear language of the Rules, as well as the case law, support this conclusion. *European-Ameri-*

---

**1.** This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy

Rule 7052.

can Bank v. Hill, (In Re Hill), 48 B.R. 323 (N.D.Ga.1985); *F & M Marquette National Bank v. Richards*, 47 B.R. 423 (D.Minn. 1985), *affirming, F & M Marquette National Bank v. Richards (In Re Richards)*, 43 B.R. 554 (Bankr.D.Minn.1984); *National City Bank of Minneapolis v. Richards (In Re Richards)*, 43 B.R. 549 (Bankr.D. Minn.1984);[2] *In Re LeRoy*, 55 B.R. 666 (Bankr.D.Nev.1985).

As provided in Bankruptcy Rules 4004(b) and 4007(c), a motion for the extension of time sought here must be made before the respective time periods have expired. Since Cohen's motion was filed after the 60 day periods had expired, we will deny the motion.

**2.** The federal courts in Minnesota held, as we hold in this case, but those courts went further. They held that the first date set for the first meeting of creditors *after conversion would not commence the running of a new 60 day period.* We do not so hold for the simple reason that that conclusion is in derogation of the structure of the Code. To illustrate our position, we posit the following situation. A debtor files a chapter 13 petition and a date is set for the first meeting of creditors. All interested parties attend the meeting and thereafter the 60 day period passes for filing objections and exceptions to the debt-or's discharge. No party files an objection or exception to discharge under 11 U.S.C. § 523(a)(2), (a)(4) or (a)(6) since no such actions are allowable in a chapter 13 case but such complaints may be filed against an individual debtor in chapter 7 or 11. On conversion of the case to either a chapter 7 or 11 proceeding, no party could then file an exception or objection to discharge. In this situation, we believe the view spoused in *Bill Doran Co. v. Cail (In Re Cail)*, 41 B.R. 795 (Bankr.N.D.Ill.1984), is the better view.