**In re Henry T. MANUEL, Debtor.**

**Bankruptcy No. 86–03221–R.**

United States Bankruptcy Court,
E.D. Michigan, S.D.

Dec. 8, 1986.

James Sheehan, Birmingham, Mich., for debtor.

C. Daniel Harry, Clarkston, Mich., for creditor.

## ORDER DENYING MOTION FOR RECONSIDERATION

STEVEN W. RHODES, Bankruptcy Judge.

### I.

Marion F. Goforth, a creditor, has filed a motion for reconsideration of an order de-

nying his motion to extend the time within which to object to the discharge of the debtor, Henry T. Manuel. The motion was originally denied because it was not timely filed under Bankruptcy Rule 4004(b). After reviewing Goforth's motion for reconsideration and the brief in support, the Court concludes that there is no basis to set aside the Court's earlier order. Accordingly, the motion for reconsideration is denied.

The procedural history of this case is as follows. On July 2, 1986, Manuel filed a voluntary petition under Chapter 7 of the Bankruptcy Code. On July 3, 1986, the Court sent an order and notice to all creditors, including Goforth,[1] indicating that the meeting of creditors pursuant to 11 U.S.C. § 341 would be held on August 6, 1986. This notice further indicated that October 6, 1986 would be the last day for filing complaints objecting to the discharge under 11 U.S.C. § 727 and complaints to determine a dischargeability of debts pursuant to 11 U.S.C. § 523(a)(2), (4), and (6).

The meeting of creditors was commenced as scheduled, and a number of attorneys for creditors were present, including Goforth's attorney. Due to this unusual creditor interest, the meeting was adjourned to September 3, 1986. However, Goforth's attorney did not attend that hearing. Rather, it appears that counsel decided to pursue an examination of the debtor pursuant to Bankruptcy Rule 2004, and met with the trustee to coordinate this.

On October 9, 1986, Goforth, by his attorney, filed a motion for an order allowing an examination of the debtor pursuant to Rule 2004. On October 15, 1986, Goforth filed a motion for extension of time within which to file an objection to the debtor's discharge, which was subsequently denied as untimely.

In connection with the original motion and the motion for reconsideration, Goforth

---

1. Actually, the debtor's matrix of creditors includes both Goforth and his attorney; accordingly, both received this notice.

contends that the 60 day time period established by Rule 4004 within which to file either an objection to the discharge or a motion to extend the time began to run on September 3, 1986, when the meeting of creditors was concluded, and that therefore his motion to extend was timely. Goforth further contends that there is good cause to extend the time arising from the difficulty in scheduling the debtor's examination and in obtaining information from the debtor.

Thus, the issue before the Court is whether there are any circumstances in which the 60 day period set forth in Rule 4004 would begin to run on any date other than the first date set for the meeting of creditors.[2]

## II.

Bankruptcy Rule 4004 provides:

**(a) Time for Filing Complaint Objecting to Discharge; Notice of Time Fixed.** In a chapter 7 liquidation case a complaint objecting to the debtor's discharge under § 727(a) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). In a chapter 11 reorganization case, such complaint shall be filed not later than the first date set for the hearing on confirmation. The court shall give not less than 25 days notice of the time so fixed to all creditors in the manner provided in Rule 2002, and to the trustee and his attorney.

**(b) Extension of Time.** On motion of any party in interest, after hearing on notice, the court may for cause extend the time for filing a complaint objecting to discharge. The motion shall be made before such time has expired.

**2.** In deciding this issue, the Court has also given substantial consideration to cases decided under Rule 4007, which utilizes essentially identical language in fixing the time period within which a complaint to determine the dischargeability of a debt must be filed.

**3.** Several courts have suggested that a judicially created exception to the strict time limits of Rule 4004 should be invoked when a creditor is not scheduled or does not receive notice of the

■ The language of the rule clearly indicates that a motion to extend the time for filing a complaint objecting to discharge shall be made "not later than 60 days following the first date set for the meeting of creditors ..." There is simply no such ambiguity in this rule as would permit any other interpretation.

Moreover, Bankruptcy Rule 9006(b)(3) strictly prohibits any judicially created exception to the strict time limits of Rule 4004.[3] This rule provides, "The court may enlarge the time for taking action under Rules 1006(b)(2), 3002(c), 4003(b), 4004(a), 4007(c), and 8002 only to the extent and under the conditions stated in those rules."

Since the adoption of the current bankruptcy rules, the overwhelming weight of authority supports this view. *See, e.g., Allegheny International Credit Corp. v. Bowman,* 800 F.2d 520 (5th Cir.1986); *European-American Bank v. Hill,* 48 B.R. 323 (D.C.N.D.Ga.1985); *In re McDowell,* 57 B.R. 310 (Bankr.M.D.Pa.1986); *In re Rea,* 57 B.R. 834 (Bankr.D.D.C.1985); *In re Betinsky,* 58 B.R. 814 (Bankr.E.D.Pa.1986); *McIlroy Bank & Trust v. Couch,* 43 B.R. 56 (Bankr.E.D.Ark.1984); *Edwards v. Whitfield,* 41 B.R. 734 (Bankr.W.D.Ark. 1984).

## III.

### A.

In support of his contention that in certain circumstances the time period within which to file an objection to the discharge begins on a date other than the first date set for the meeting of creditors, Goforth cites *Allegheny International Credit Corp. v. Bowman,* 60 B.R. 423 (D.C.S.D. Tex.1986), and *Fair City Enterprises v.*

bankruptcy. *See e.g., Delesk v. Rhodes,* 61 B.R. 626, 630 (9th Cir. BAP 1986); *In re Klein,* 64 B.R. 372, 376–77 (Bankr.E.D.N.Y.1986); *Marathon Restaurant Corp. v. Three Brothers Development & Construction Co., Inc., (In re Barr )* 47 B.R. 334, 336 (Bankr.E.D.N.Y.1985).

As noted, there is no cause to consider any such exception in this case; both Goforth and his attorney received notice of the bankruptcy.

*Keefe,* 48 B.R. 717 (Bankr.D.S.D.1985). In *Keefe,* the court held that the time period does not begin to run until the first meeting of creditors at which the debtor actually appears. In support of this holding, the court stated:

> It is logical, then, that the filing period for dischargeability complaints would run from the date of the meeting of creditors, as long as the creditors had an opportunity to examine the debtor. When the debtor does not appear for examination on the date first set for the meeting, however, that date ceases to be a logical starting point for the filing of dischargeability complaints. Were the sixty-day period to begin on that date even if the debtor did not appear, it would force creditors to file complaints based upon speculation or to hold Rule 2004 examinations to obtain the information they needed. This would result in unnecessary examinations and complaints, much duplication of effort, and considerable expense. This Court sees such an interpretation of Rule 4007(c) to be inconsistent with the expedient handling of dischargeability complaints. *Id.* at 719.

Similarly, in *Allegheny International Credit Corp. v. Bowman,* the court held that a complaint to determine the dischargeability of a debt was timely when filed 54 days after the first meeting actually took place, even though this was 94 days after the first date set for the meeting of creditors. In support of this holding, the court stated:

> If Rule 4007(c) requires the complaint against dischargeability to be filed within sixty days after the date set for the first meeting of creditors, when the meeting takes place later, it creates a potential for abuse by the debtors, who may pre-vent the creditors from effectively exercising their right to object to the dischargeability of their claims against the estate. *Id.* at 425.

## B.

The difficulty with the debtor's citation of *Allegheny International Credit Corp.* is that the district court opinion was reversed by the United States Court of Appeals for the Fifth Circuit in a decision reported at 800 F.2d 520 (5th Cir.1986). Criticizing the logic of both cases cited by the debtor here, the court held:

> Both *Keefe* and the district court below overlooked that a creditor can amply protect himself under the new rules where the first meeting is reset by simply filing a motion to extend the filing period before the sixty day period has expired. Bankr.R. 4007(c). We see no reason why the plain language of the rule should be contorted when such a remedy is available. *Id.* at 522.

*See also: In re McDowell,* 57 B.R. 310, 311–312 (Bankr.M.D.Pa.1986).

■ Accordingly, the Court concludes that in these circumstances, the Court has no discretion to grant an untimely request for an extension of time within which to file a complaint objecting to the debtor's discharge.[4]

Accordingly, Goforth's motion for reconsideration is denied.

---

**4.** The Court notes the argument made by Goforth's attorney that the trustee misled him as to the commencement of the applicable time period and that this constitutes excusable neglect. Even if this Court had the discretion to grant the relief requested in circumstances of excusable neglect, the Court would not be persuaded to exercise its discretion in Goforth's favor. If the attorney had been misled on an ambiguous point of law, it might be concluded that he reasonably relied upon the trustee's expertise and that therefore relief was appropriate. Here, as noted above, the point of law is clearly set forth in Bankruptcy Rule 4004. Moreover, the Court gave both Goforth and his attorney direct, personal notice of not only the bankruptcy itself but also the specific deadline for filing an objection to the discharge.