**In re Leonard C. TIEMAN, Debtor.**

**Virgil SCHNELL, Jr., Plaintiff,**

**v.**

**Leonard C. TIEMAN, Defendant.**

**Bankruptcy No. 2–86–02715.**
**Adv. No. 2–86–0273.**

United States Bankruptcy Court,
S.D. Ohio, E.D.

Jan. 22, 1987.

Richard A. Palmer, Columbus, Ohio, for defendant.

Hylas A. Hilliard, Columbus, Ohio, for plaintiff.

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ADVERSARY PROCEEDING

B.J. SELLERS, Bankruptcy Judge.

This matter is before the Court, upon a motion filed by defendant Leonard C. Tieman seeking to dismiss this adversary proceeding. The basis for the defendant's motion is his assertion that plaintiff's complaint was not filed within the time required by the Bankruptcy Code and Rules.

Defendant filed his petition under the provisions of Chapter 7 of the Bankruptcy Code on July 16, 1986. On July 21, 1986, pursuant to Bankruptcy Rule 2002(a), the Clerk's office of this Court mailed a notice to all parties-in-interest in defendant's bankruptcy case advising them that the meeting of creditors required by 11 U.S.C. § 341 was set for August 18, 1986 at 3:30 p.m. with William B. Logan, Jr. appointed as interim trustee. That notice also set October 17, 1986 as the last date for filing a complaint seeking to except a specific debt from discharge. The Court's file in the Chapter 7 case indicates that plaintiff was one of the parties to whom that notice was mailed.

Although no formal notice of rejection appears, Mr. Logan was apparently unable to accept his appointment as interim trustee, and Larry E. Staats was substituted as interim trustee. That substitution necessitated a rescheduling of the meeting of creditors for August 22, 1986 at 3:30 p.m. Notice of that rescheduled date was sent to plaintiff on July 29, 1986.

The time for filing a complaint seeking to have a debt excepted from a debtor's discharge for a ground based upon 11 U.S.C. § 523(a)(2), (4) or (6) is governed by Bankruptcy Rule 4007(c) which states:

(c) *Time for Filing Complaint Under § 523(c) in Chapter 7 Liquidation and Chapter 11 Reorganization Cases; Notice of Time Fixed.* A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). The court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002. On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.

Rule 4007(c) provides that any extension of the filing date must be pursuant to an order of the court upon motion made prior to the expiration of the noticed time. Bankruptcy Rule 9006(b)(3) permits enlargement of that time period only "to the extent and under the conditions" stated in Rule 4007(c). Based upon that language, this Court lacks authority to extend the time within which plaintiff's complaint must be filed unless plaintiff sought such extension prior to the expiration of the noticed deadline.

The Court's notice of July 21, 1986 set a specific date by which plaintiff's complaint was required to be filed. The July 29, 1986

notice of the continued meeting of creditors did not change that date or state a different date. In fact, Bankruptcy Rule 4007(c) specifically requires that the 60–day period within which such complaints must be filed be calculated by reference to the "first date set for the meeting of creditors".

The Court finds that plaintiff's complaint was required to be filed no later than October 17, 1986. That complaint was not filed until October 20, 1986, however, and was, therefore, not timely. Consistent with that finding, defendant's motion is sustained, and this adversary proceeding is hereby dismissed.

IT IS SO ORDERED.