In re James A. KISE, Debtor.

Samuel H. GATCHELL, III, Plaintiff,

v.

James Allen KISE, Defendant.

Bankruptcy No. 86–02561 T.
Adv. No. 87–0923.

United States Bankruptcy Court,
E.D. Pennsylvania.

March 17, 1988.

Stephen W. Cody, Windolph, Burkholder, Stainton and Gray, Lancaster, Pa., for plaintiff.

Michael J. Hohenadel, Nikolaus, Hohenadel, Chesters & Umbenhauer, Elizabethtown, Pa., for defendant.

## MEMORANDUM OPINION

THOMAS M. TWARDOWSKI,
Bankruptcy Judge.

The issue presented for decision by the debtor-defendant's motion to dismiss this adversary proceeding is whether plaintiff's § 523 complaint is untimely since it was not filed within sixty (60) days following the initial § 341 meeting scheduled by the Clerk. We hold that the complaint is untimely according to our interpretation of Bankruptcy Rule 4007(c). We, therefore, dismiss the complaint with prejudice.

The facts are not in dispute. Defendant, James Allen Kise, filed a voluntary chapter 7 petition on May 22, 1986. The Clerk noticed the original meeting of creditors for August 8, 1986 but the actual § 341 meeting was not held until September 9, 1987 because of debtor's failure to appear. Plaintiff filed the instant Complaint to Determine Dischargeability of Debt on October 26, 1987. Debtor's motion to dismiss followed.

Plaintiff concedes that former Chief Judge Emil F. Goldhaber's decision, *In re Betinsky*, 58 B.R. 814 (Bkrtcy.E.D.Pa. 1986), represents the majority view on this issue. That view states that under Bankruptcy Rules 4004(a) and 4007(c), the sixty-day period for filing a § 724 or § 523 complaint runs from the first date set for the § 341 meeting, and not from the first date such meeting is actually held.

Nonetheless, plaintiff urges us to adopt the view expressed in *In re Keefe*, 48 B.R. 717 (Bkrtcy.D.S.D.1985), that the sixty-day period shall begin to run from the date when the § 341 meeting, at which the debtor appears, is actually held. However, plaintiff, and the minority view, read too much into the word "held" in B.R. 4007(c) which states, in part:

> A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a).

As Judge Goldhaber emphasized in *Betinsky*, supra, the "first date set" for the meeting of creditors controls. That is the clear language of Bankruptcy Rules 4004(a) and 4007(c). In our view, the word "held" in the sub-section of B.R. 4007(c) quoted above is equivalent to "scheduled" as opposed to "actually held" or "held in fact." To attach the latter interpretation would specifically contradict the words "first date set" in the same sentence.

Bankruptcy Rules 4004(a) and 4007(c) provided a clear remedy for this plaintiff-creditor who may have concluded that the debtor had deliberately avoided appearing on the first date set for the § 341 meeting and/or contends that, at the very least, the plaintiff was not the cause of any postponements of that meeting. Rule 4007(c) provides:

> On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.

In the *Betinsky* case, Judge Goldhaber denied such a motion as untimely. Plaintiff herein filed no such motion for extension.

Consequently, we dismiss plaintiff's complaint with prejudice.