**In re George E. BARTLETT, Debtor.**

**Robin C. THOMPSON, Plaintiff,**

v.

**George E. BARTLETT, Defendant.**

Bankruptcy No. 3–88–00053(2)7.

Adv. No. 3–88–0040.

United States Bankruptcy Court, W.D. Kentucky.

July 16, 1988.

Bryan J. Dillon, Louisville, Ky., for plaintiff.

Glenn L. Schilling, Wayne C. Daub, Louisville, Ky., for debtor.

OPINION–ORDER

J. WENDELL ROBERTS, Bankruptcy Judge.

On April 21, 1987, the plaintiff, Robin C. Thompson, filed a civil complaint against the debtor, George E. Bartlett, in Jefferson Circuit Court. On the scheduled trial date of January 13, 1988, the debtor served plaintiff's counsel with a copy of his Bankruptcy Petition and Automatic Stay granted by the Bankruptcy Court.

On February 12, the first date set for the meeting of creditors, the plaintiff filed a motion for relief from the stay. The creditors' meeting was actually held on March 11, 1988 and the deadline for filing complaints for nondischargeability was set for April 12, sixty (60) days from the first date set for the creditors' meeting.

The plaintiff filed this complaint to determine nondischargeability of a debt on May 9, 1988, which was approximately eight-six (86) days from the first date set for the creditors' meeting, but within sixty (60) days of the creditors' meeting actually held.

Thereafter, the plaintiff moved the Court for a determination on the timeliness of the § 523(c) complaint or, in the alternative for leave to amend her motion to lift the stay to a complaint for nondischargeability under 523(c). The debtor-defendant responded to the motions and the case is now under advisement.

■ The first issue for determination is whether the sixty-day time period for filing complaints to determine nondischargeability should begin to run from the first date set for the meeting of creditors or the date on which the meeting was actually held. The second issue for determination is whether the plaintiff may amend a motion to lift the stay to a complaint for nondischargeability under § 523(c).

Bankruptcy Rule 4007(c) states as follows:

"A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). The court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002. On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired."

Courts differ in their interpretation of this rule. Some courts strictly follow the literal reading of the rule and require complaints to be filed no later than sixty (60) days from the first date set for the creditors' meeting even if the meeting is continued until a later date. *In re Tieman,* 73 B.R. 22 (Bankr.S.D.Ohio 1987); *In re Rhodes,* 61 B.R. 626 (9th Cir.BAP 1986). Other courts have adopted a broad interpretation of the rule and allow complaints to be filed sixty (60) days from the date of the creditors' meeting actually held. *In re Keefe,* 48 B.R. 717 (Bankr.D.S.D.1985); *Allegheny Inter. Credit Corp. v. Bowman,* 60 B.R. 423 (S.D.Tex.1986). For the following reasons, we concur with those courts, such as *Tieman* and *Rhodes,* who strictly comply with the literal reading of the Rule.

The rescheduling of the creditors' meeting for a later date should not affect the deadline for filing complaints to determine nondischargeability since the Rule clearly states that the sixty days runs from the *first* date set for the meeting of creditors. For those creditors who have not had an opportunity to examine the debtor, for one reason or another, before the filing deadline, the Rule provides a remedy by allowing the creditor to file a motion with the Court prior to the expiration of the noticed time seeking an extension of time to file a complaint.

In this case, the creditor was sent notice that the deadline for filing § 523 complaints for nondischargeability was April 12, 1988. Since the creditor's complaint was not actually filed until May 9, 1988, we find the complaint to be untimely filed.

■ The plaintiff has also moved the Court to grant her leave to amend her motion for relief from the stay to a complaint for nondischargeability under Section 523(c). The plaintiff attempts to persuade the Court that a motion to lift the stay constitutes an adversary proceeding. We disagree. The 1983 Advisory Committee Note addressing Rule 7001, plainly states that "unlike former Bankruptcy Rule 701, requests for relief from an automatic stay do not commence an adversary proceeding." The filing of a motion for relief from the stay and a complaint for nondischargeability are two completely different remedies provided for by the Code. To allow the plaintiff to amend an un-

related stay motion to an adversary proceeding in order to comply with the filing requirements of Section 523, would be grossly unfair to the opposing party. We, therefore, deny the plaintiff's request to amend her stay motion to a Section 523 complaint.

THEREFORE, IT IS ORDERED that the plaintiff's 523(c) complaint as filed on May 9, 1988 shall be and hereby is DISMISSED as untimely filed pursuant to Bankruptcy Rule 4007(c).

IT IS FURTHER ORDERED that the plaintiff's motion for leave to amend her motion for relief from the stay to a complaint to determine nondischargeability be and hereby is OVERRULED.

This is a final order.