**In re Merriell L. MILLER, Debtor.**

**PEERLESS INSURANCE COMPANY, Plaintiff,**

v.

**Merriell L. MILLER, Defendant.**

**Bankruptcy No. 93–33693.**
**Adv. No. 94–3156.**

United States Bankruptcy Court,
S.D. Ohio,
Western Division.

April 13, 1995.

possession, which items have been junked, and/or which items were simply not listed.

Nancy F. Zavelson, Cleveland, OH, for Peerless Ins. Co.

Todd J. Ruchman, Dayton, OH, for defendant/debtor.

## DECISION AND ORDER DENYING DEFENDANT'S "MOTION TO DISMISS"

WILLIAM A. CLARK, Chief Judge.

Before the court is defendant's "Motion to Dismiss" the plaintiff's complaint as untimely filed (Doc. # 27). The court has jurisdiction pursuant to 28 U.S.C. § 1334 and the standing order of reference entered in this district. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(I)—determinations as to the dischargeability of particular debts.

### FACTS

1) Merriell L. Miller ("Defendant/Debtor") filed a petition in bankruptcy on October 13, 1993, pursuant to chapter 7 of the Bankruptcy Code;

2) On October 20, 1993, the clerk of this court sent a notice to creditors informing them that a meeting of creditors would be held on November 22, 1993, and that January 21, 1994, was the "deadline to file a complaint objecting to discharge of the debtor or to determine dischargeability under 11 U.S.C. § 523(c)" (Estate File, Doc. # 5);

3) The debtor failed to appear at the meeting of creditors scheduled for November 22, 1993, and the meeting was rescheduled for January 27, 1994;

4) The debtor also failed to appear at the January 27th meeting of creditors;

5) On February 18, 1994, the trustee in bankruptcy filed a "Motion to Dismiss" the debtor's bankruptcy case for failure to appear at the meetings of creditors;

6) The court denied the trustee's motion to dismiss on March 22, 1994, on condition that the debtor attend a meeting of creditors on June 2, 1994;

7) On April 12, 1994, the trustee in bankruptcy filed a "Motion for Extension of Time in Which to Object to Discharge of Debtor" (Estate File, Doc. # 15). The trustee's motion was approved by the court, and the trustee was granted until August 1, 1994, to file such a complaint (Doc. # 16);

8) On May 16, 1994, Peerless Insurance Company ("Plaintiff") filed a "Motion to Extend Time to Object to Discharge of Debt" until August 1, 1994, on the ground that the debtor had not yet attended a meeting of creditors. Plaintiff's motion was granted on May 18, 1994 (Estate File, Doc. # 21);

9) The debtor attended the meeting of creditors on June 2, 1994;

10) Plaintiff initiated the present adversary proceeding by filing a "Complaint to Determine Dischargeability of Debt" under 11 U.S.C. § 523(a)(4) on August 1, 1994.

Presently before the court is a "Motion to Dismiss" filed by the Defendant/Debtor on the ground that the Plaintiff did not file its complaint by January 21, 1994, as required by Fed.R.Bankr.P. 4007(c) and the notice to creditors sent by the clerk of this court. Plaintiff asserts that its complaint is timely filed by virtue of this court's order granting it until August 1, 1994, to file a complaint.

### CONCLUSIONS OF LAW

Rule 4007(c) of the Federal Rules of Bankruptcy Procedure governs the time within which a complaint must be filed to determine the dischargeability of a debt under 11 U.S.C. § 523(c)[1] and reads as follows:

> (c) *Time for Filing Complaint Under § 523(c) in Chapter 7 Liquidation . . .; Notice of Time Fixed*

A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date *set* for the

---

1. Plaintiff bases its complaint on § 523(a)(4) of the Bankruptcy Code. Section 523(c) of the

Bankruptcy Code requires a creditor to file such a proceeding in the bankruptcy court.

meeting of creditors *held* pursuant to § 341(a). The court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002. On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired. (Emphasis Supplied)

The issue before the court is whether the 60–day time period for filing complaints under 11 U.S.C. § 523(c) begins to run on the first date *set* for the meeting of creditors or on the date such meeting is actually *held.* The majority of courts which have considered the meaning of Rule 4007(c) have applied a strict and literal interpretation to the rule. *See, e.g., Thompson v. Bartlett (In re Bartlett),* 87 B.R. 445 (Bankr.W.D.Ky.1988); *Schnell v. Tieman (In re Tieman),* 73 B.R. 22 (Bankr.S.D.Ohio 1987); *In re Manuel,* 67 B.R. 825 (Bankr.E.D.Mich.1986).

Such decisions requiring a strict reading of the bankruptcy rules at issue are in harmony with the policies underlying the evolution of these rules, as outlined above: the need for uniformity and expeditious judicial administration of bankruptcy cases. Requiring creditors to file objections to discharge within 60 days of the date first set for the meeting of creditors furthers the "fresh start" goals of bankruptcy, requiring creditors "to promptly join their exceptions to discharge of debt and objections to discharge, so a petitioning debtor will enjoy finality and certainty and relief from financial distress as quickly as possible." (citations omitted) *P.S.T.C. Employees Federal Credit Union v. Kearney (In re Kearney),* 105 B.R. 260, 263–264 (Bankr.E.D.Pa.1989).

This court, however, is not convinced that Rule 4007(c) is as inflexible as the majority has found. More importantly, because of the rule's internal structure, the court finds that the rule is not susceptible to a literal reading and, therefore, a purported strict application is inappropriate. While certainty and expediency are laudable procedural goals, this court will not strictly enforce a rule that fails to evince a plain meaning. Here the rule under discussion is inherently ambiguous.

The rule provides that the complaint should be "filed not later than 60 days following the first date *set* for the meeting of creditors *held* pursuant to § 341(a)." Should the reader of the rule focus on the word "set" or the word "held" in attempting to determine on which date begins the running of the 60–day period? In *Gatchell v. Kise (In re Kise),* 84 B.R. 36 (Bankr.E.D.Pa.1988), the court found that the "first date set" for the meeting of creditors controls:

> That is the clear language of Bankruptcy Rules 4004(a) and 4007(c). In our view, the word "held" in the sub-section of B.R. 4007(c) quoted above is equivalent to "scheduled" as opposed to "actually held" or "held in fact." To attach the latter interpretation would specifically contradict the words "first date set" in the same sentence. *Id.,* at 37.

On the other hand, in *St. Pierre v. Little (In re Little),* 161 B.R. 164, 168 (Bankr. E.D.La.1993), the court found that the word "held" was controlling:

> The word "held" was included for a purpose and must add some meaning. The only logical interpretation consistent with the purpose of the Bankruptcy Code is that the phrase "the meeting of creditors held," means that the debtor must be present and subject to examination under oath, as required by Section 343, in order for the sixty day period to commence. To interpret the word "held" as meaning only that a meeting was set, even though the debtor did not appear, is illogical. It could bar creditors from dischargeability complaints that they might not even be aware of until the debtor appears and is examined under Section 343.

While this court believes that the *Little* court's analysis is more persuasive, what is even more important is that the *Little* court's and the *Kise* court's differing interpretations of the same language aptly demonstrate the ambiguity contained in Rule 4007(c). The *Kise* court asserts that the language of Rule 4007(c) is "clear," yet it then proceeds to interpret the word "held" as being the equivalent of the word "scheduled." 84 B.R. at 37. In this court's opinion, the language of a rule is not clear if it is neces-

sary to resort to replacing a word in the rule with a synonym in order to successfully interpret the rule. This court finds that where a bankruptcy rule sets forth a time period within which an action is to be taken, and that rule is susceptible to two *reasonable* interpretations, the only equitable solution is to permit the action to be taken by the latter supportable date under the rule.

This court also agrees with the policy analysis of Rule 4007(c) contained in *Fair City Enterprises, Inc. v. Keefe (In re Keefe)*, 48 B.R. 717 (Bankr.D.S.D.1985):

> The chief function of meetings of creditors is to provide a method for the creditors to elect a trustee, examine the debtor, and be heard generally on questions concerning the handling of the estate. *2 Collier on Bankruptcy § 341.01.* According to the legislative history, the examination of the debtor is intended to provide creditors with the opportunity to discover whether assets have been concealed, improperly disposed of, or if there are grounds for objections to discharge. (citation omitted) It is logical, then, that the filing period for dischargeability complaints would run from the date of the meeting of creditors, as long as the creditors had an opportunity to examine the debtor. When the debtor does not appear for examination on the date first set for the meeting, however, that date ceases to be a logical starting point for the filing of dischargeability complaints. Were the sixty-day period to begin on that date even if the debtor did not appear, it would force creditors to file complaints based upon speculation or to hold Rule 2004 examinations to obtain the information they needed. This would result in unnecessary examinations and complaints, much duplication of effort, and considerable expense. This Court sees such an interpretation of Rule 4007(c) to be inconsistent with the expedient handling of dischargeability complaints. *Id.,* 48 B.R. at 718–719.

■ Based on the foregoing, the court holds that the 60-day period within which to file complaints under Rule 4007(c) begins to run on the date the § 341 meeting of creditors is actually "held." As a result, Plain-

tiff's "Motion to Extend Time to Object to Discharge of Debt," which was filed prior to the debtor actually attending the meeting of creditors, was properly granted by the court, and Plaintiff's complaint was timely filed pursuant to the terms of the court's order granting the Plaintiff's motion. Nevertheless, practitioners in this district are cautioned that the court of appeals for this circuit has not yet ruled directly on the issue presently before this court. Despite the views expressed by this court in the instant decision, in view of the majority rule, it is suggested that prudence dictates that practitioners begin regarding the date "set" for the § 341 meeting as commencing the 60-day period.

For the foregoing reasons, it is hereby ORDERED that the defendant's motion to dismiss is DENIED.