In re Brian L. DATSON, Plaintiff.

Brian L. DATSON, Debtor/Appellant,

v.

Robert E. COTE and Yvette
M. Cote, Appellees.

Civil No. 95–232–P–C.

United States District Court,
D. Maine.

May 23, 1996.

Bruce B. Hochman, Black, Lambert, Coffin & Rudman, Portland, Maine, for Debtor/Appellant.

Paula House McFaul, William H. Leete Jr., Portland, Maine, Paul D. Pietropaoli, Leete & Lemieux, Portland, Maine, for Appellees.

Joseph V. O'Donnell, Trustee, Portland, Maine.

## MEMORANDUM OF DECISION AND ORDER VACATING THE ORDER OF THE BANKRUPTCY COURT

GENE CARTER, Chief Judge.

■ Brian L. Datson, the debtor, appeals from an order entered by the United States Bankruptcy Court for the District of Maine setting a new bar date.[1] Debtor contends that it was improper for the bankruptcy court to set a new deadline. This Court agrees and will vacate the order of the bankruptcy court.

### I. FACTS

The record before this Court reveals the following. On August 26, 1994, Debtor filed a voluntary petition for bankruptcy pursuant to Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Pennsylvania. Voluntary Petition (Volume I–1). On

October 17, 1994, the bankruptcy court in Pennsylvania issued a Notice of Commencement of Case under Chapter 7 of the Bankruptcy Code, Meeting of Creditors, and Fixing of Dates (Volume I–3). On November 1, 1994, the court issued an amended notice for the commencement of the case (Volume I–4) by which the court scheduled the meeting of the creditors pursuant to 11 U.S.C. § 341 for December 6, 1994, and set the bar date as February 6, 1994.

The record reveals that the creditors' meeting on December 6, 1994, was adjourned until January 3, 1995, because Debtor did not appear at the meeting. Minutes of 341(a) Meeting (Volume I–5). Evidently, Debtor requested a telephonic hearing, and a creditor objected to such a format. *Id.* There is no indication in the record that the meeting scheduled for January 3 was ever held.

On January 30, 1995, the Bankruptcy Court for the Middle District of Pennsylvania entered an order (Volume I–6) granting the motion of creditors Robert E. Cote and Yvette M. Cote to change venue to the District of Maine. By an order dated February 10, 1995, the United States Bankruptcy Court for the District of Maine issued a Notice of Commencement of Case under Chapter 7 of the Bankruptcy Code, Meeting of Creditors, and Fixing of Dates (Volume I–7). This notice set a new meeting of the creditors for March 9, 1995, and recognized that February 6, 1995, was the "deadline to file a complaint objecting to discharge of the debtor or to determine dischargeability of certain types of debts" (the bar date).

On February 15, 1995, the Cotes filed a motion to reset or extend the bar date and a complaint for determination of dischargeability (Volume I–8). After a hearing on the motion, the bankruptcy court entered an order changing the bar date to sixty days after the meeting of the creditors scheduled for March 9, 1996. Order Regarding Deadline for Filing Complaints Pursuant to 11 U.S.C. § 523 and 11 U.S.C. § 727 (Volume I–13). The bankruptcy court concluded that because

1. The bar date is the deadline for filing complaints objecting to the discharge of the debtor pursuant to 11 U.S.C. § 727 and complaints to determine the dischargeability of a debt pursuant to 11 U.S.C. § 523.

there had not been a meeting of the creditors, the bar date had yet to pass and the Cotes' motion for an extension of the bar date was unnecessary. *Id.* From this order, Debtor appeals.

## II. DISCUSSION

### A. The expiration of the bar date

Debtor contends that the bankruptcy court erred in relying on the absence of a creditors' meeting in extending the bar date. Debtor argues that even where the creditors' meeting has not been held, the bar date will expire and that to obtain an extension of the bar date, the creditors should have requested an extension of the bar date before its expiration.

The Cotes do not urge this Court to uphold the bankruptcy court for the reason articulated by that court. Instead, as discussed below in section II.B., *infra*, the Cotes contend that the bankruptcy court's decision should be upheld for an alternate reason.

■ The time limit for filing a complaint objecting to the debtor's discharge pursuant to 11 U.S.C. § 727(a) is governed by Bankruptcy Rule 4004(a) which provides that the complaint "shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a)." Similarly, the time limit for filing a complaint to determine the dischargeability of a debt pursuant to 11 U.S.C. § 523(c) is governed by Bankruptcy Rule 4007(c) which also provides that the complaint "shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a)."

Several courts have addressed the issue of whether the bar date is extended automatically when the creditors' meeting is not actually held on the first date for which it was set. Although the courts are not in complete agreement, the majority position is that the bar date remains the same even if the creditors' meeting is rescheduled. *See, e.g., In re Gordon,* 988 F.2d 1000, 1001 (9th Cir.1993) (rejecting argument that the sixty-day time limit starts running from the date the first creditors' meeting actually takes place); *In re Rhodes,* 61 B.R. 626, 629 (9th Cir. BAP 1986) ("The continuance of the first meeting of creditors does not affect the deadline for filing complaints to determine the dischargeability of a debt because the rule refers to the 'first date set' for the meeting of creditors."); *In re Schoofs,* 115 B.R. 1, 2 (Bankr. D.D.C.1990) (concluding that sixty days starts running on first date set for the creditors' meeting "regardless of whether the meeting is actually held then or whether the debtor or his representative fails to appear"); *Matter of Hill,* 48 B.R. 323, 325 (N.D.Ga. 1985); *In re Dipalma,* 94 B.R. 546, 548 (Bankr.N.D.Ill.1988) ("It is the first date set for the [creditors'] meeting that is determinative; whether or not the meeting is held or completed on that date is irrelevant."); *In re Bartlett,* 87 B.R. 445 (Bankr.W.D.Ky.1988); *In re Manuel,* 67 B.R. 825 (Bankr.E.D.Mich. 1986); *In re Cortes,* 125 B.R. 418, 419 (E.D.Pa.1991) ("The 'first date set' for the creditors' meeting determines the bar date regardless of whether the meeting is actually held."). *But see Matter of Little,* 161 B.R. 164, 168 (Bankr.E.D.La.1993) (concluding that "debtor must be present and subject to examination under oath, as required by Section 343, in order for the sixty day period to commence"); *In re Miller,* 182 B.R. 507, 509–10 (Bankr.S.D.Ohio 1995) (rejecting majority rule and concluding that sixty day period begins to run on the date the creditors' meeting is actually held); *In re Keefe,* 48 B.R. 717, 719 (Bankr.D.S.D.1985); *Allegheny Int'l Credit Corp. v. Bowman,* 60 B.R. 423, 425 (S.D.Tex.1986), *appeal dismissed,* 821 F.2d 245 (5th Cir.1987).

■ Even when the creditors' meeting is not held at all within sixty days of the first date set for the creditors' meeting, the bar date is not automatically extended. *See In re Rhodes,* 61 B.R. at 627–29 (concluding that deadline for filing a complaint expired even though creditors' meeting was never actually held during sixty-day time period in which the debtor failed to appear at two scheduled meetings); *In re Dipalma,* 94 B.R. at 548 (providing that deadline for filing a complaint expired even though meeting of creditors had not concluded). Instead, if a creditor has not had the chance to examine the debtor at a creditors' meeting within the sixty-day peri-

od, then the proper remedy provided by Rules 4004(b) and 4007(c) [2] is for the creditor to file a motion seeking an extension of the deadline before the expiration of the deadline. *See In re Gordon*, 988 F.2d at 1001 ("the rule itself provides the appropriate remedy for this problem—the right to move for an extension of time"); *In re Bartlett*, 87 B.R. at 446 ("For those creditors who have not had an opportunity to examine the debtor, for one reason or another, before the filing deadline, the Rule provides a remedy by allowing the creditor to file a motion with the Court prior to the expiration of the noticed time seeking an extension of time to file a complaint."). In addition, there is no provision that automatically extends the bar date as a consequence of a change of venue prior to the first meeting of the creditors. *See In re Anwiler*, 99 B.R. 41 (Bankr.S.D.Cal.1989), *rev'd on other grounds*, 115 B.R. 661 (9th Cir. BAP 1990).

■ In this case, the bankruptcy court stated that a purpose of a creditors' meeting is for the creditors to examine the debtor to ascertain whether there are grounds for filing a complaint or seeking an exception to discharge. The court further concluded that the sixty-day period did not expire on February 6, 1995, because the meeting of the creditors had yet to be held. This Court reviews the rulings of law of the bankruptcy court *de novo*. *In re LaRoche*, 969 F.2d 1299, 1301 (1st Cir.1992).

■ This Court concludes that the bankruptcy court erred by determining that the bar date had not expired because the meeting of the creditors had not been held. Instead, this Court agrees with the majority rule that the sixty-day period starts running on the first date set for the creditors' meeting, regardless of when the meeting is actually held. If the meeting of the creditors is rescheduled or if a creditor anticipates that the meeting of the creditors will not be held during the sixty-day period, then the proper remedy is for the creditor to request an extension *before* the expiration of the bar date pursuant to Rule 4004(a) and Rule 4007(c). Therefore, this Court concludes that the bar date was February 6, 1994, even though no meeting of the creditors had been held.

## B. Extension of the bar date pursuant to Section 105

■ Relying on *In re Riso*, 57 B.R. 789 (D.N.H.1986) and *In re Wellman*, 89 B.R. 880 (Bankr.D.Colo.1988), the Cotes contend that this Court should affirm the bankruptcy court's order because the Court has the equitable power to extend the bar date pursuant to 11 U.S.C. § 105(a). The Cotes contend that the exercise of equitable power is proper in this case because Debtor failed to attend the creditors' meeting and Debtor filed his petition in Pennsylvania despite not having any contacts with that forum.

Debtor contends that this Court does not have the equitable power to grant an extension of the bar date after the bar date has passed. *See In re Gray*, 156 B.R. 707, 709 & n. 6 (Bankr.D.Me.1993) (stating that court may only enlarge 60–day period when there has been a timely motion, except possibly in exceptional or unique circumstances); *In re Dombroff*, 192 B.R. 615, 619 n. 11 (S.D.N.Y. 1996) (collecting cases providing that courts have no discretion to grant an untimely motion to extend the bar date). Debtor further argues that this Court should not use its equitable powers in this case because there has been no showing that he abused the bankruptcy process.

Section 105(a) provides as follows:

The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

---

2. Rule 4004(b) provides that "[o]n motion of any party in interest, after hearing on notice, the court may extend for cause the time for filing a complaint objecting to discharge. The motion shall be made before the time has expired." Similarly, Rule 4007(c) contains nearly identical language.

11 U.S.C. § 105(a). The Cotes cite two cases that interpret this provision and that they view as controlling.

First, in *In re Riso*, the bankruptcy court used its equitable powers, pursuant to section 105(a), to allow a late filing. *In re Riso*, 57 B.R. at 792–93. The bankruptcy court did so because it had sent a routine order to all the parties erroneously stating that the bar date was a date later than the actual bar date. A creditor relied on the court's mistake and filed an objection to the debtor's discharge after the actual bar date but before the erroneous bar date. To correct its own mistake and to prevent an injustice, the bankruptcy court used its equitable power and allowed the creditor to file his objection to discharge. *Id.* at 793. The district court affirmed.[3]

Second, in *In re Wellman*, a bankruptcy court exercised its equitable powers under section 105(a) in response to the special circumstances of the case. *In re Wellman*, 89 B.R. at 883. The debtor filed a bankruptcy petition in Arizona, even though the debtor's domicile, principal place of residence, place of employment, and majority of obligations and creditors were all in Colorado. The debtor's only contact to Arizona was a vacation home and some undeveloped land. In addition, the debtor acknowledged that he had attempted to transfer some of his property to his wife shortly before filing his bankruptcy petition in order to protect the assets from a creditor. *Id.* at 881–82. After having scheduled a meeting of the creditors and a bar date, the bankruptcy court in Arizona transferred the case to Colorado.

Upon receiving the case and without a motion by a creditor, the bankruptcy court in Colorado set a new date for the creditors' meeting and a new bar date. *Id.* at 881. The debtor challenged the ruling. Relying on its equitable powers pursuant to section 105(a), the bankruptcy court upheld its decision to set a second bar date based on concerns of equity, the interest of justice, and the extraordinary circumstances of the case, including evidence that the debtor was attempting purposely to manipulate the bankruptcy process by selecting a venue in a place that would inconvenience and disadvantage his creditors. *Id.* at 882–85.

In the present case, the bankruptcy court did not rely on its equitable powers in setting a new bar date. Instead, as stated above, the court concluded that the bar date had not passed because the meeting of the creditors had not been held.

Without deciding when, if ever, it is proper for a court to rely on its equitable powers to prevent an injustice by setting a new bar date, this Court concludes that the record at this juncture in the case does not provide a sufficient predicate for such action by this Court. Unlike the circumstances of *In re Riso*, it appears that the creditors in this case did not rely on a clerical error of the court by failing to file a dischargeability complaint prior to the actual bar date. Furthermore, unlike *In re Wellman*, there is little evidence in the record of this case indicating that Debtor intentionally attempted to abuse the bankruptcy process by filing his bankruptcy petition in Pennsylvania rather than in Maine. For example, the record discloses no evidence that Debtor attempted to hide his assets from his creditors prior to filing for bankruptcy or that he lived or worked in Maine within 180 days of the date on which he filed his bankruptcy petition in Pennsylvania. Therefore, this Court finds that *In re Riso* and *In re Wellman* are distinguishable. The Court concludes that this is not a proper case for this Court to presently exercise its equitable powers to set a second bar date after the first has expired.

### III. CONCLUSION

Accordingly, the order of the bankruptcy court is *VACATED*, and this case is hereby

---

3. Similarly, other courts have allowed creditors to file late objections when occasioned by the court's own error. *See, e.g., In re Isaacman*, 26 F.3d 629, 632–33 (6th Cir.1994); *In re Anwiler*, 958 F.2d 925, 928–29 (9th Cir.), *cert. denied*, 506 U.S. 882, 113 S.Ct. 236, 121 L.Ed.2d 171 (1992); *In re Themy*, 6 F.3d 688, 689–90 (10th Cir.1993); *In re Schoofs*, 115 B.R. 1 (Bankr.D.D.C.1990); *In re Cintron*, 101 B.R. 785, 786 (Bankr.M.D.Fla. 1989); *Matter of Hershkovitz*, 101 B.R. 816, 819 (Bankr.N.D.Ga.1989); *In re Sibley*, 71 B.R. 147 (Bankr.D.Mass.1987); *Matter of Hickey*, 58 B.R. 106, 108 (Bankr.S.D.Ohio 1986).

*REMANDED* to the United States Bankruptcy Court for the District of Maine for further proceedings not inconsistent with the opinion herein.

So *ORDERED.*