**In the Matter of Fred Henry HILL, and Alice Emily Hill, Debtors.**

**EUROPEAN–AMERICAN BANK, Appellant-Creditor,**

v.

**Fred Henry HILL, and Alice Emily Hill, Appellees-Debtors.**

**Bankruptcy No. BK84–2172A. Civ. A. C84–2558A.**

United States District Court, N.D. Georgia, Atlanta Division.

April 4, 1985.

J. Robert Thompson, Atlanta, Ga., for appellant-creditor.

Stuart Finestone, Finestone & Cardon, Atlanta, Ga., for appellees-debtors.

### ORDER

ROBERT H. HALL, District Judge.

European-American Bank appeals from the Order entered by the United States Bankruptcy Court for the Northern District of Georgia on November 9, 1984, dismissing European-American Bank's complaint objecting to discharge and seeking a determination of the dischargeability of a debt.

## FACTS

Appellees-debtors filed their joint bankruptcy petition on May 15, 1984. By Order of the Bankruptcy Court dated June 5, 1984, the 11 U.S.C. § 341 meeting of creditors was set for June 28, 1984. In the same Order, the Bankruptcy Court stated that the last day for filing complaints objecting to discharge and complaints to determine the dischargeability of any debt would be August 27, 1984, that date being the sixtieth day after the date set for the meeting of creditors.[1]

On June 20, 1984, the Bankruptcy Clerk sent to all creditors of Appellees-debtors a notice resetting the § 341 meeting of creditors for July 3, 1984. This notice was silent as to the date for filing of complaints objecting to discharge and complaints seeking a determination of the dischargeability of a debt.

On August 31, 1984, Appellant-creditor filed a complaint objecting to Appellees-debtors' discharge and seeking a determination of the dischargeability of a debt pursuant to 11 U.S.C. §§ 727(a) and 523(a)(2). Thereafter, Appellees-debtors filed a motion to dismiss the complaint on the basis that it was filed more than sixty days following the first date set for the meeting of creditors. Appellant-creditor opposed the motion to dismiss and filed a motion requesting the Bankruptcy Court to amend *nunc pro tunc* the June 20 notice to enlarge the time for filing complaints objecting to discharge and complaints seeking a dischargeability determination.

The Bankruptcy Court, by Order dated November 9, 1984, granted Appellees-debtors' motion to dismiss and denied Appellant-creditor's motion to amend. The Bankruptcy Court found that Appellant-creditor's complaint was not filed within the time prescribed by Bankruptcy Rules 4004(a) and 4007(c), and that no motion had

been made by Appellant to extend that deadline before such time had expired. The Court rejected Appellant-creditor's arguments that the time period should be tolled or otherwise extended.

Appeal was taken by Appellant-creditor on November 19, 1984.[2]

## DISCUSSION

A. *Appellant-creditor's request for leave to file amended pleading*

■ Initially, the court GRANTS Appellant-creditor's request for leave to file an amended brief. This request was made mainly to bring Appellant-creditor in conformance with the technical filing requirements of Bankruptcy Rule 8010 and the court finds no prejudice to Appellee-debtor resulting from this amendment.

B. *Dismissal of Appellant-creditor's complaint*

1. *Timeliness of complaint*

Bankruptcy Rule 4004(a) states that in a Chapter 7 liquidation action "a complaint objecting to the debtor's discharge under § 727(a) of the Code shall not be filed later than 60 days following the *first date set for the meeting for creditors* held pursuant to § 341(a)." (Emphasis added). Bankruptcy Rule 4007(c) likewise states that "a complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the *first date set for the meeting of creditors* held pursuant to § 341(a)." (Emphasis added).

A party may request that the time limits be enlarged but that request must be made before the expiration of that time limit. Bankruptcy Rules 4004(c), 4007(c), and 9006(b)(3). No request for an extension was made by Appellant-creditor prior to expiration of the 60-day period.

Although the "first date set for the meeting of creditors" was June 28, 1984,

---

1. Regarding the dischargeability complaints, the June 5 Order stated as follows: "IT IS FURTHER ORDERED AND NOTICE IS HEREBY GIVEN that (if the debtor is an individual) <u>August 27, 1984</u> is fixed as the last day for filing of complaints objecting to the discharge of the debtor and complaints to determine the dis-

chargeability of any debt pursuant to 11 U.S.C. § 523(c)." (Capitals and underlining in original).

2. Notice of Appeal was not docketed until December 19, 1984.

and Appellant-creditor's complaint was filed more than 60 days after this date, Appellant-creditor argues that its complaint should be deemed timely for three reasons: (1) under the Bankruptcy Rules, the re-setting of the date for the first meeting of creditors effectively re-set the deadline for the filing of objections to discharge and complaints seeking a determination of the dischargeability of a debt to 60 days following the new date; (2) the lapse of the Bankruptcy Court's authority from June 27, 1984, to July 10, 1984, tolled the 60-day period; and (3) the Bankruptcy Court's Order of June 5, 1984, misled Appellant-creditor into believing that the time limitation for filing objections to discharge was subject to the Court's discretion and dependent upon the date of the first meeting of creditors.

The court rejects all of Appellant-creditor's arguments and AFFIRMS the Bankruptcy Court's finding that Appellant-creditor's complaint was untimely.

■ The court rejects Appellant-creditor's interpretation of Bankruptcy Rules 4004(a) and 4007(c) as it is contrary to the plain meaning of those Rules. Appellant-creditor apparently would have the court construe the phrase, "60 days following the first date set for the meeting of creditors," to mean 60 days following the date of the first meeting of creditors. This construction ignores the language of the Rules and cannot be adopted by the court. The Bankruptcy Rules make no special provision for the filing date of dischargeability complaints in the event of a rescheduling of the first meeting of creditors and the court will not read one into them.

■ As for Appellant-creditor's tolling argument, the court finds that the lapse in

the Bankruptcy Court's authority is no ground for tolling the 60-day period. Although the Bankruptcy Court did not have authority to compel discovery from June 27, 1984, until July 10, 1984, Appellant-creditor has not shown that it was prejudiced by this lack of authority. The fact remains that the Bankruptcy Court was vested with authority to receive Appellant-creditor's complaint throughout the 60-day period in question and that Appellant-creditor was not affected by the lapse in authority.

■ Appellant-creditor's final argument for finding its complaint timely filed, to the effect that the Bankruptcy Court "misled" Appellant-creditor into believing that objections to discharge and complaints seeking a determination of the dischargeability of a debt were not due until 60 days following the new date set for the first meeting of creditors, is equally unpersuasive. Just because the Bankruptcy Court notified Appellant-creditor of what it calculated the 60-day deadline to be and did so in the same Order in which it set the date for the § 341 meeting of creditors should not have led Appellant-creditor to conclude that the 60-day period was subject to the Bankruptcy Court's discretion and/or tied to the date of the first meeting of creditors; to the extent that Appellant-creditor read the Order to so imply, its mistaken inference was unreasonable. The June 5, 1984, Order said nothing to lead a reasonable person into thinking that the Bankruptcy Rules would not control this action.[3]

## 2. *Enlargement of 60-day period for filing objection to discharge*

■ Appellant-creditor's motion to amend before the Bankruptcy Court,

---

3. As a part of Appellant-creditor's final argument, Appellant-creditor suggests that the Bankruptcy Rules contemplate the giving of separate notices, at separate times, with respect to the date of the meeting of creditors and the due-date for objections to discharge and complaints seeking a determination of the dischargeability of a debt, and that the Bankruptcy Court's Order of June 5, 1984, did not conform with this intent. The court rejects this suggestion for the simple reason that the Bankruptcy Rules do not

contemplate the giving of a notice with respect to the due-date for objections to discharge and complaints seeking a dischargeability determination and thus could not have contemplated a "separate notice" at a "separate time" as Appellant-creditor maintains; any notice given with respect to the due date for objections to discharge and complaints seeking a determination of the dischargeability of a debt was completely gratuitous and for the benefit of creditors.

viewed as a motion to extend the time period for filing Appellant-creditor's complaint, was properly denied by the Bankruptcy Court pursuant to Bankruptcy Rules requiring such motions be made prior to the expiration of the 60-day period.

### C. *Motion for sanctions*

The court DENIES Appellees-debtors' motion for sanctions, finding that Appellant-creditor's appeal was not frivolous or in bad faith.

### CONCLUSION

In sum, the court AFFIRMS the Bankruptcy Court's Order of November 9, 1984, and DENIES Appellees-debtors' motion for sanctions.