**In re Joseph Jefferson LEROY, fdba Leroy Property Management, Debtor.**

**Bankruptcy No BK–LV–85–00200.**

United States Bankruptcy Court, D. Nevada.

Dec. 16, 1985.

### MEMORANDUM DECISION

JAMES H. THOMPSON, Bankruptcy Judge.

 This Motion for Rehearing of movant's Motion to Revoke Discharge Order presents the Court with a narrow legal issue: Does the first date set for the first meeting of creditors or the date on which the meeting is actually held control for determining the timeliness of filing of complaints objecting to the dischargeability of a debt under 11 U.S.C. § 523(c) ("Bankruptcy Code")?

The Debtor Joseph Jefferson Leroy filed his voluntary Chapter 7 petition on February 12, 1985. The record shows that on February 21, 1985 the Clerk of the Bankruptcy Court mailed the order and notice setting March 14, 1985 as the date and time

---

for the § 341 first meeting of creditors to all creditors, including Ms. Judeen Brown. That order also set May 13, 1985 as the last date to file complaints objecting to the dischargeability of a debt under Code § 523(c).

The § 341 meeting was commenced on March 14, 1985, but due to the debtor's absence, was continued to and concluded on May 9, 1985. No complaints objecting to dischargeability of debt under Code § 523(c) were filed prior to May 14, 1985. On June 13, 1985, the debtor received his discharge in bankruptcy. On June 17, 1985, Ms. Brown filed her Motion to Revoke Order Discharging Debtor in order to allow her to file a complaint objecting to the dischargeability of a debt under Code § 523(c). That motion was originally set for hearing on August 14, 1985, but was continued in open court to September 24, 1985. On August 16, 1985, Judge Jones inadvertently signed a "Proposed Order Revoking Order Discharging Debtor" submitted by Ms. Brown's counsel. That order was not mailed to counsel for the movant until November 1, 1985.

On September 24, 1985, Judge Thompson heard and considered the merits of arguments both in support of and against Ms. Brown's motion. On September 25, 1985, Judge Thompson issued his Order Denying Motion to Revoke Order Discharging Debtor. Counsel for the movant thereafter received the August 16 order revoking the debtor's discharge. Subsequently, the movant's counsel filed this Motion for Rehearing to clear up confusion caused by the conflicting orders. Judge Jones heard the motion for rehearing but referred the matter to Judge Thompson for final determination as Judge Thompson had first heard argument on the merits of the motion at the September 24 hearing. This decision on the motion for rehearing shall, therefore, consider both the August 16 order and the September 25 order.

Bankruptcy Rule 9024 makes Rule 60 of the Federal Rules of Civil Procedure (F.R. Civ.P.) applicable in cases and proceedings filed under the Bankruptcy Code. Rule 60(b)(1) of the Federal Rules of Civil Procedure allows the court, on motion, to relieve a party from a judgment entered inadvertently. A "motion for rehearing" may be treated as a Rule 60(b) motion when the court has made its decision inadvertently, not on error of reasoning, but rather on mistaken apprehension of the proceeding. *See Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va. 1983); *see also Kennerly v. Aro, Inc.*, 447 F.Supp. 1083, 1087–88 (D.Tenn.1977); Moore, Vestal & Kurland, *Moore's Manual. Federal Practice and Procedure*, § 26.04.

█ In this case, Judge Jones inadvertently signed the August 16, 1985 order. That order was in fact a "proposed order" submitted by counsel for the movant on the belief that the motion would be granted. The August 14 order refers to arguments of counsel made at a hearing on August 16, which hearing was in fact not held. The Court concludes that the August 16, 1985 order was inadvertently entered and, therefore, the debtor be relieved from that order.

The Court next considers the motion for rehearing on Judge Thompson's Order Denying Motion For Order Revoking Discharge. There are no material facts at issue. The narrow issue of law which this Court must decide to rule on this motion is whether the first date set for the first meeting of creditors or the date on which the meeting of creditors is actually held is used to determine the timeliness of filing of complaints objecting to the dischargeability of a debt under § 523(c).

The movant argues that the spirit and intent of the Bankruptcy Rules dictates a liberal interpretation allowing a complaint brought under Code § 523(c) within 60 days after the date on which the first meeting of creditors is actually held. The debtor, on the other hand, argues that the language of the Bankruptcy Rules requires a strict holding that complaints brought under Code § 523(c) be brought within 60 days after the first date set for the meeting of creditors regardless of when the meeting is

actually held. For the reasons stated below, the Court concludes that the first date set for the meeting of creditors, rather than the date on which the meeting is actually held, must be used to determine the timeliness of filing of complaints objecting to dischargeability of debts under Code § 523(a).

Bankruptcy Rule 4007(c) states that:

A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the *first date set* for the meeting of creditors held pursuant to § 341(a). The court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002. On motion of any party in interest, after hearing on notice, the court may for cause shown extend the time fixed under this subdivision. The motion shall be made before the time has expired.

Bankruptcy 4007(c) [emphasis added]. Bankruptcy Rule 9006(b)(3) allows the court to enlarge the time for filing complaints objecting to the dischargeability of debts under Code § 523(c) only within the 60 day time period of Bankruptcy Rule 4007(c). *See Matter of Hill,* 48 B.R. 323, 325 (N.D.Ga.1985); *In re Smith,* 42 B.R. 927, 930–31 (Bankr.D.Mass.1984); *In re Beehler,* 33 B.R. 104, 105 (Bankr.W.D.N.Y. 1983).

There are many reported cases interpreting Bankruptcy Rule 4007(c). These cases uniformly hold that the first date set for the first meeting of creditors rather than the date on which the meeting is actually held controls for determining timeliness of filing complaints under Code § 523(c). *Matter of Hill,* 48 B.R. at 325; *In re Richards,* 47 B.R. 423, 425 (D.Minn.1985); *In re Smolen,* 48 B.R. 633, 635 (Bankr.N.D.Ill. 1985); *In re Johnson,* 35 B.R. 79, 80 (Bankr.D.Conn.1983).

The Court concludes and so Orders that the movant is not entitled to have the debtor's discharge revoked, nor may she file a complaint objecting to the dischargeability of a debt under Code § 523(c).