**ALLEGHENY INTERNATIONAL CREDIT CORP., Appellant,**

v.

**Albert Boyd BOWMAN and Lana Joyce Bowman, Appellees.**

**Civ. A. No. H–85–1267.**

United States District Court, S.D. Texas.

April 28, 1986.

---

**424**

Lenard M. Parkins, Sheinfeld, Maley & Kay, Houston, Tex., for appellant.

Lowell T. Cage, Houston, Tex., for appellees.

## MEMORANDUM

HUGHES, District Judge.

Albert and Lana Bowman filed their petition in bankruptcy on May 6, 1983. The bankruptcy judge set July 22 for the first meeting of creditors and September 22 as the deadline for filing complaints against dischargeability. The meeting was actually held on September 1. Allegheny filed its complaint against dischargeability on October 24, 1983.

The Bowmans attacked the complaint as untimely filed. Allegheny moved (a) that the filing be declared timely or (b) that late filing be permitted. After a hearing on August 17, 1984, the bankruptcy judge granted the Bowmans' motion and denied Allegheny's motions. These rulings were embodied in an order entered on October 31, 1984.

Preliminarily, Allegheny's notice of appeal refers only to the order of January 24, 1985, which denied a rehearing on the October 31 order. The court applies the notice of appeal to the earlier, underlying order. *Cf. Comfort Trane Air Conditioning Co. v. Trane Co.*, 592 F.2d 1373, 1390 n. 13 (5th Cir.1979).

■ As a further preliminary matter, the court grants Allegheny's motion to strike the Bowmans' supplemental brief from the appellate record. Bankruptcy Rule 8009(a)(3) specifically forbids the appellees from filing more than a single reply brief without leave of the district court. The appellees have not sought leave. The court strikes the brief.

Much of the argument has been over the issues (a) whether the untimely filing was due to excusable neglect and (b) whether excusable neglect can be invoked at all under the present Bankruptcy Rules. Those issues are not reached because the court concludes that the complaint against dischargeability was timely filed.

■ Bankruptcy Rule 4007 went into effect on August 1, 1983, and it was applicable to actions pending on that date, like this case. Subsection (c) of that rule states:

> ... [a] complaint to determine the dischargeability of any debts ... shall be filed not later than 60 days following the first date set for the meeting of creditors....

In this action, Allegheny's complaint was filed ninety-four days after the date set for the first meeting of creditors, but only fifty-four days after the first meeting in fact took place. Allegheny contends that the date of the actual meeting, not the date originally set, should control.

Some courts have interpreted Rule 4007(c) to require that complaints be filed within sixty days of the date set for the creditors' meeting even if the meeting actually takes place later. *E.g., In re Leroy*, 55 B.R. 666, 668 (Bkrtcy.D.Nev.1985). Other courts have taken a flexible view of the matter. *In re Keefe*, 48 B.R. 717, 718–19 (Bkrtcy.D.S.D.1985). There are compelling reasons to adopt the flexible approach.

Explaining the purposes and policies to be served by the first meeting of creditors, the legislative history of the new rule is terse but clear. The Senate Report reads: "the purpose of the examination [of the debtor at the first meeting] is to enable creditors and the trustee to determine if assets have improperly been disposed of or concealed or if there are grounds for objecting to the discharge." S.Rep. No. 989, 95th Cong., 2d Sess. 43, *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 5829. The wording of the House Report is virtually identical. H.R.Rep. No. 595, 95th

Cong., 2d Sess. 332, *reprinted in* 1978 U.S. Code Cong. & Ad.News 5963, 6288. Other authorities reflect a similar purpose. "The chief function of meetings of creditors is to provide the machinery for creditors to elect a trustee, examine the debtor, and be heard generally in an advisory capacity on questions concerning the administration of the estate." 2 *Collier on Bankruptcy,* § 341.-01 (15th ed. 1985). "The purpose of the meeting is to give creditors and the trustees an opportunity to examine the debtor in respect to the debtor's acts, conduct, or property, or in respect to any other matter that may affect the administration of the estate or the debtor's right to a discharge." B. Weintraub & A. Resnick, *Bankruptcy Law Manual* § 1.11[3] (1980).

Besides structuring the proceeding, the primary purpose of the first meeting of creditors is to provide the creditors with the opportunity to gather information on any point that may affect their interest, including, of course, the possibility of fraudulent transfers or other conduct that might suggest that an objection to the discharge is in order. The sixty-day period between the meeting and the deadline for objections allows the creditors time to obtain further information and to pursue disclosures made at the meeting before having to respond.

If Rule 4007(c) requires the complaint against dischargeability to be filed within sixty days after the date set for the first meeting of creditors, when the meeting takes place later, it creates a potential for abuse by the debtors, who may prevent the creditors from effectively exercising their right to object to the dischargeability of their claims against the estate.

The correct interpretation of Rule 4007(c) was reached in the *Keefe* decision. In *Keefe*, the creditors' meeting was held as scheduled, but the debtors failed to appear. After reviewing the legislative history the court explained:

> When the debtor does not appear for examination on the date first set for the meeting, however, that date ceases to be a logical starting point for the filing of dischargeability complaints. Were the sixty-day period to begin on that date

even if the debtor did not appear, it would force creditors to file complaints based upon speculation or to hold Rule 2004 examinations to obtain the information they needed. This would result in unnecessary examinations and complaints, much duplication of effort, and considerable expense.

To hold a meeting without the debtors is a farce; to hold it after two-thirds of the allowed time has elapsed is a fraud. The sixty-day period of Rule 4007(c) begins to run from the date on which the first meeting takes place.

Allegheny has also moved for leave to amend its complaint against dischargeability to include allegations of fraud. Leave to amend the complaint will be granted.