**Duane OLSON, et al., Appellants,**

v.

**UNITED STATES of America, Appellee.**

**No. 4:CV92–3257.**

United States District Court,
D. Nebraska.

Aug. 23, 1993.

Memorandum and Order on Appellants'
Motion for Reconsideration/Rehearing
Nov. 8, 1993.

Albert P. Burnes, Omaha, NE, for appellants.

Ann Sachar and Virginia Lowe, U.S. Dept. of Justice, Tax Div., Washington, DC, Susan L. Knight, Asst. U.S. Atty., Lincoln, NE, for appellee.

Richard Lydick, Omaha, NE, U.S. Trustee.

## MEMORANDUM OF DECISION

URBOM, Senior District Judge.

The appellants Duane and Janice Olson (the Olsons) appeal the May 5, 1992, Journal Entry of the bankruptcy court[1] denying the their motion for reconsideration of claim of the United States of America, acting through the Internal Revenue Service (the IRS), and the June 2, 1992, journal entry of the bankruptcy court denying the their request for hearing. Having carefully reviewed the record and the applicable law, I find that the bankruptcy court did not abuse its discretion in denying the requests.

### I. BACKGROUND

The Olsons are debtors in a Chapter 12 bankruptcy proceeding, which they commenced on August 10, 1987. The IRS filed a proof of claim against the bankruptcy estate in the amount of $1,635,510.53 for unpaid federal income taxes for the tax years 1978 through 1983. The Olsons filed an objection and subsequently an amended objection to the IRS's proof of claim and commenced an adversary proceeding to contest the tax claim (Adversary No. A88–4077). The bankruptcy court overruled the Olsons' amended objection because they failed to comply with the court's previous order to file a more definite statement of their objection and because the one objection that was sufficiently definite

was "frivolous." The bankruptcy court also dismissed the adversary proceeding, finding that the Olsons' arguments had no basis in law or in fact, and awarded sanctions against the debtors. The Olsons appealed to this court (CV88–L–591 and CV89–L–319), and the decisions below were affirmed. The Olsons then appealed this court's decision in CV88–L–591 to the Eighth Circuit Court of Appeals, which affirmed, 894 F.2d 1342 (1989).

On April 25, 1991, the Olsons filed a fourth amended plan of reorganization, which made no provision for the IRS's tax claim. The IRS filed an objection to the plan, and a joint preliminary pretrial statement was filed by the parties. On November 4, 1991, the IRS filed a motion for summary judgment on the basis that the Olsons' contentions regarding their federal income tax liability were barred by *res judicata*. The IRS further requested the bankruptcy court to allow its claim. On March 10, 1992, a telephonic hearing was held on the motion for summary judgment and objection to plan. At the conclusion of the hearing the bankruptcy court sustained the objection to plan and allowed the claim of the IRS to stand as allowed, unless the Olsons succeeded with an objection to the claim. Noting that the Olsons had previously objected to the claim and that the objection had been overruled, the bankruptcy court instructed that the Olsons must either file a plan consistent with the IRS's proof of claim or, alternatively, file a motion under Bankruptcy Rule 3008 for reconsideration of the allowance of the tax claim.

On March 24, 1992, the Olsons filed a motion for reconsideration; the IRS filed a resistance to the motion. A telephonic hearing was held the following month, and in a journal entry filed May 5, 1992, the bankruptcy court denied the Olsons' motion for reconsideration on the basis that they did not show "good cause" as required by Rule 3008. On May 15 the Olsons filed a request for hearing, asking the bankruptcy court to rehear their motion for reconsideration. The bankruptcy court denied the request on June

[1]. The Honorable John C. Minahan, Jr., United States Bankruptcy Judge for the District of Nebraska.

2, 1992, noting that the Olsons had already been provided a hearing and that their motion for reconsideration had been denied after the hearing. On June 12, 1992, the Olsons filed a notice of appeal from the May 5, 1992, and June 2, 1992, journal entries.

## II. LEGAL DISCUSSION

Bankruptcy Rule 3008, which implements Bankruptcy Code § 502(j), permits a party in interest to move for reconsideration of the bankruptcy court's order allowing or disallowing a claim against the estate. Section 502(j) permits reconsideration of a claim "for cause." Neither the Bankruptcy Code nor the Bankruptcy Rules, however, explain what constitutes "cause."

One commonly cited case provides examples of the types of situations where a motion to reconsider would be appropriate. *Above The Belt, Inc. v. Bohannan Roofing, Inc.*, 99 F.R.D. 99 (E.D.Va.1983) (cited in *In re Blinder, Robinson & Co., Inc.*, 131 B.R. 872 (D.Colo.1991); *Pine Top Ins. Co. v. Century Indemnity Co.*, 123 B.R. 287 (N.D.Ill.1990); *L.P. Maun, M.D., Ltd. v. Salyapongse*, 105 B.R. 464 (S.D.Ill.1989); *In re Electro–Met Coal Co., Inc.*, 121 B.R. 480 (Bankr.W.D.Pa. 1990); *In re Leroy*, 55 B.R. 666 (Bankr. D.Nev.1985)). Motions to reconsider should be granted where: (1) "the Court has patently misunderstood a party," (2) the court "has made a decision outside the adversarial issues presented … by the parties," (3) the court has "made an error not of reasoning but of apprehension," or (4) there is a "controlling or significant change in the law or facts since the submission of the issue to the Court." *Above the Belt*, 99 F.R.D. at 101.

■■■ The Olsons looked to other legal authority for an explanation of what constitutes "cause" for reconsideration. They argue that the bankruptcy court should have applied the standards set forth in Rule 60(b) of the Federal Rules of Civil Procedure. When a motion for reconsideration is filed after the expiration of the ten-day period during which appeals are permitted, some courts treat the motion analogous to one filed under Bankruptcy Rule 9024, which incorporates Fed. R.Civ.P. 60(b). *See, e.g., In re Aguilar*, 861 F.2d 873 (5th Cir.1989); *In re Cleanmaster*

*Indus., Inc.*, 106 B.R. 628 (Bankr. 9th Cir. 1989); *In re FERCO Fabricators, Inc.*, 153 B.R. 40 (Bankr.E.D.Mo.1993); *In re Stoecker*, 151 B.R. 989 (Bankr.N.D.Ill.1992).

Fed.R.Civ.P. 60(b) authorizes relief from a judgment or order for any of the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

The Olsons assert that the bankruptcy court could have granted their motion for reconsideration under Fed.R.Civ.P. 60(b)(1) for mistake of fact. They contend that the following evidence offered at the telephonic hearing should have caused the bankruptcy court to question the accuracy of the IRS's claim: (1) they have not had an opportunity to fully litigate the objections set forth in their amended objection to the IRS's claim; (2) the Nebraska Department of Revenue has withdrawn its Proof of Claim; and (3) the unsecured creditors of the estate will be paid if the tax claim is reconsidered and the amount of the claim is amended. With regard to the first basis, I note that the Olsons were given the opportunity to explain their objections to the tax claim in the earlier contested matter with the IRS concerning the claim. The other asserted grounds are merely conclusional statements that provide no substantive legal or factual basis on which to reverse the bankruptcy court's decisions.

The Olsons alternatively seek reversal under the catchall rule of Fed.R.Civ.P. 60(b)(6), which would allow reconsideration of their motion for any reason "justifying relief." Because the Olsons fail to assert any reason that would justify reconsideration, however,

**834**

even the catchall provision is not of avail. Accordingly, I find that the bankruptcy court was within its discretion in denying the Olsons' motion for reconsideration and request for hearing.

## MEMORANDUM AND ORDER ON APPELLANTS' MOTION FOR RECONSIDERATION/REHEARING

This cause is before the court on the appellants' motion for reconsideration or rehearing pursuant to Federal Rule of Bankruptcy Procedure 8015. The appellants, Duane and Janice Olson, seek this court's reconsideration of its August 23, 1993, memorandum and order, filing 12, which affirmed the bankruptcy court's[1] May 5, 1992, journal entry denying the Olsons' motion for reconsideration of the claim of the United States of America, acting through the Internal Revenue Service, and the bankruptcy court's June 2, 1992, journal entry denying the Olsons' request for a hearing. Having reviewed the appellants' motion and the record on appeal, I find no reason for altering or amending the order.

 Bankruptcy Rule 8015 is silent as to the appropriate standards for granting relief. However, because Rule 8015 was derived from Fed.R.App.P. 40, it is appropriate to look to the appellate rule for guidance. 9 *Collier on Bankruptcy* ¶ 8015.04 at 8015–4 (15th ed. 1993). Federal Rule of Appellate Procedure 40(a) provides in part, "[t]he petition shall state with particularity the points of law or fact which in the opinion of the petitioner the court has overlooked or misapprehended." In their motion[2] the appellants merely contend:

> Upon the record and argument submitted by the appellants, the Court should have reversed the Decision of Bankruptcy Judge John C. Minahan, Jr. denying the Olson's Motion to Reconsider, Bankruptcy Filing 164, and the June 2, 1992, Journal Entry of the United States Bankruptcy Judge John C. Minahan, Jr. denying the Olson's request for hearing, Bankruptcy Filing 167.

Because the appellants do not advert to any points of law or fact overlooked or misapprehended in the August 23, 1993, memorandum and order, their motion must be denied. "A petition for rehearing was not designed to be a 'crutch for dilatory counsel, nor, in the absence of a demonstrable mistake, to permit reargument of the same matters.'" *United States v. Vasquez,* 985 F.2d 491, 497 (10th Cir.1993) (quoting *United States v. Doe,* 455 F.2d 753, 762 (1st Cir.) (citation omitted), *vacated on other grounds sub nom., Gravel v. United States,* 408 U.S. 606, 92 S.Ct. 2614, 33 L.Ed.2d 583 (1972)).

IT IS THEREFORE ORDERED that the appellants' motion for reconsideration/rehearing, filing 14, is denied.

---

1. The Honorable John C. Minahan, Jr., United States Bankruptcy Judge for the District of Nebraska.

2. The appellants did not file a brief in support of the motion.