In re Douglas C. MULLINS, Debtor.

MSI FINANCIAL GROUP,
INC., Plaintiff,

v.

Douglas C. MULLINS, Defendant.

Bankruptcy No. 94–60228.
Adv. No. 94–6363.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Oct. 11, 1994.

Matthew J. McCoyd, Johnson & Montgomery, Atlanta, GA, for debtor/defendant Douglas C. Mullins.

Peter R. Weisz and Cathy R. Nash, Weisz & Associates, Atlanta, GA, for plaintiff MSI Financial Group, Inc.

### ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

JAMES E. MASSEY, Bankruptcy Judge.

MSI Financial Group, Inc., ("MSI" or the "Plaintiff") brings this adversary proceeding against the debtor Douglas C. Mullins (the "Debtor" or the "Defendant") for a judgment denying the Debtor's discharge and determining that a debt owed by the Debtor to the Plaintiff is not dischargeable. The Defendant moves for summary judgment on the ground that the complaint is untimely. The court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b) and 157(a) and (b)(2)(I) and (J). For the reasons stated below, the court grants the Defendant's motion.

### STATEMENT OF FACTS

The material facts are not in dispute. On January 4, 1994, the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. He failed to list the Plaintiff on his schedules and failed to include the Plaintiff on the mailing matrix. Nonetheless, on January 5, 1994, the Debtor filed notices of bankruptcy stay in two garnishment actions brought by MSI in the State Court of Fulton County, Georgia. Counsel for the Debtor served those notices on the attorneys for MSI in the garnishment actions, who also represent the Plaintiff in this adversary proceeding and in the Debtor's main bankruptcy case.

The Plaintiff admits in its Response to Debtor's Statement of Undisputed Facts executed by Peter Weisz, one of its attorneys, that its attorneys received the notices of bankruptcy in the garnishment actions but states that "it cannot be said when such notices were received." Cathy R. Nash, the other attorney for the Plaintiff, filed an affidavit in opposition to the Defendant's motion in which she denies that her firm was authorized to represent MSI in the bankruptcy case until "shortly before the Objection to Discharge was filed." But, attached to her affidavit is a copy of a letter dated January 27, 1994, from Mr. Weisz to William Willson, who had been designated interim trustee by the U.S. Trustee. Mr. Weisz stated in the letter that his firm represents MSI and had recently obtained copies of the Debtor's schedules.

The court takes judicial notice that the clerk's second docket entry dated January 4, 1994 and entered on January 7, 1994 states: "First Meeting of Creditors Scheduled for

8:30 2/14/94 AT Hearing Room 368, Atlanta Last Day To Oppose Discharge 4/15/94." On January 11, 1994, the Clerk served a Notice of Commencement of Case under Chapter 7 of the Bankruptcy Code, Meeting of Creditors and Fixing of Dates ("Commencement Notice"). The Commencement Notice recited February 14, 1994, as the date for the meeting of creditors. The Commencement Notice also pointed out that April 15, 1994 (a date that is 60 days from February 14) was the "deadline to file a complaint objecting to discharge of the debtor or to determine dischargeability of certain types of debt."

The Plaintiff denies in its Response to Debtor's Statement of Undisputed Facts that it "received" the Commencement Notice. In her affidavit, Ms. Nash denies on personal knowledge that MSI "received" the Commencement Notice. The Response and affidavit do not discuss whether MSI directly or through its attorneys knew the contents of the Commencement Notice.

The Commencement Notice incorrectly stated that M. Regina Thomas, the standing Chapter 13 trustee, had been appointed trustee. It was not until the end of January that the court notified creditors that William Willson was to be the trustee.

The court takes judicial notice that Mr. Willson filed a notice rejecting his appointment on February 10, 1994, that a docket entry reflecting the filing of that notice was made on the following day, and that the appointment of Lyonnette Davis as interim trustee was noted on the docket on February 10, 1994. The court also takes judicial notice that a docket entry on February 10, 1994, states: "First Meeting Rescheduled until 10:30 3/16/94 At Hearing Room 368, Atlanta."

As set forth in the Debtor's affidavit submitted in support of his motion, he was present at the call of his case on February 14, 1994, and Cathy R. Nash, counsel for Plaintiff, was also present. Ms. Nash's affidavit, filed about three weeks after the filing of the Debtor's affidavit, makes no mention of her presence on February 14, 1994, at the time and at the place where the meeting of creditors was to have been held. Nowhere in the papers filed with the court does the Plaintiff reconcile the apparent contradiction between its claim that it did not "receive" the Commencement Notice and the fact that Ms. Nash appeared at the scheduled meeting on February 14. The docket in this case is the only other record maintained by the court in which the time and place of the meeting is mentioned. For purposes of this motion, the court will assume that MSI did not receive the Commencement Notice.

On February 15, 1994, the Clerk served a "NOTICE OF 341 MEETING OF CREDITORS AND NEW TRUSTEE" dated February 15, 1994, stating:

> A NEW 341 MEETING OF CREDITORS HAS BEEN SCHEDULED ON THE ABOVE–CAPTIONED BANKRUPTCY. THE MEETING WILL BE HELD ON MARCH 16, 1994, AT 10:30 A.M., IN ROOM 368.
>
> WILLIAM H. WILLSON, JR., HAS REJECTED HIS APPOINTMENT AS INTERIM TRUSTEE AND LYONNETTE DAVIS IS HEREBY APPOINTED AS INTERIM TRUSTEE HEREIN.
>
> ALL OTHER INFORMATION REMAINS THE SAME.

The meeting of creditors was conducted on March 16, 1994. Counsel for the Plaintiff was present and examined the Debtor.

The Plaintiff commenced this adversary proceeding on May 13, 1994, twenty-eight days after the last day for filing complaints determining dischargeability or objecting to discharge set forth in the Commencement Notice.

## DISCUSSION AND CONCLUSIONS OF LAW

The Defendant grounds his motion for summary judgment on the requirements set forth in Fed.R.Bankr.P. 4004(a) and 4007(c) that complaints under sections 727(a) and 523(c) be "filed not later than 60 days following the first date set for the meeting of

creditors held pursuant to section 341(a)." The issue presented is a simple one: was the first date set for the meeting of creditors February 14, 1994 or March 16, 1994?

**■** A. *The Lack of Formal Bankruptcy Notice.* At oral argument of this motion the Plaintiff contended that its complaint should be deemed timely because it did not receive actual notice of the first date set for the meeting of creditors and was not listed on the Debtor's schedules and mailing matrix. In *Byrd v. Alton (In re Alton),* 837 F.2d 457 (11th Cir.1988), the court of appeals held that a creditor without actual, formal notice from the bankruptcy court of the creditors' meeting or of the last day to file complaints nonetheless has a duty to make an inquiry, if he becomes aware of the bankruptcy case. The court stated:

> If Byrd, once warned of the bankruptcy proceeding, had made a minimal effort to determine the date of the filing of the petition, he would have realized the outside dates for the filing of his complaint contesting the dischargeability of his claim or for a motion to extend such time. Instead, appellant Byrd made no such effort and cannot now properly complain of the consequences of his inaction.

837 F.2d at 461. The Plaintiff stands in the same position as the plaintiff in *Byrd,* whether or not it received the Commencement Notice.

B. *The Determination of the First Date Set.* The Plaintiff cannot deny that February 14, 1994 was the first date set for an event involving a gathering of creditors of the Debtor in his bankruptcy case. It makes two arguments in an effort to avoid the inexorable consequence of that fact in the context of Bankruptcy Rules 4004(a) and 4007(c). First, it contends that the event scheduled for February 14, 1994, was not the meeting of creditors contemplated by section 341, because no interim trustee was in place to attend the meeting of creditors on that date. Second, the Plaintiff contends that the notice

of the meeting held on March 16, 1994 was confusing and misleading, that the Plaintiff relied on the notice to its detriment, and that the court should exercise discretion under section 105 to permit the late filing. Neither of these contentions has merit.

**■** 1. *The "Meeting of Creditors".* The Plaintiff contends that on February 14, 1994 no interim trustee had been appointed and the estate had no legal representative. (In fact, the docket reflects the appointment of Lyonnette Davis on February 10, 1994.) Bankruptcy Rule 2002(a) requires the clerk to give the trustee, among others, 20 days notice by mail of the meeting of creditors pursuant to section 341. Ms. Davis did not receive and could not have received the Commencement Notice 20 days prior to February 14.[1] From these circumstances, the Plaintiff makes the ingenious but fatally flawed argument that the event on February 14 could not have been a meeting of creditors and hence that February 14 was not the first date set for the meeting of creditors in this case.

The first flaw in the Plaintiff's logic is its misreading of Bankruptcy Rules 4004(a) and 4007(c). Those rules use the same language to describe the computation of the time within which a complaint objecting to discharge or seeking a determination of nondischargeability must be filed. The key words are "not later than 60 days following the first date set for the meeting of creditors pursuant to § 341(a)." The Plaintiff's argument asks the wrong question: can the setting of a date for a statutory event subsequently determined to lack the characteristics necessary to be such an event be a setting of the event? The Plaintiff would answer "no" but does not explain the anomaly that even under its argument, the "first date set" was February 14, 1994, until Mr. Willson declined appointment as interim trustee. The correct question is: what is the first date set for the event, whenever held, described as the meeting of creditors?

Bankruptcy Rules 4004(a) and 4007(c) are concerned with the setting of a deadline

---

1. The Plaintiff lacks standing to complain about   defective notice, if any, to the trustee.

based upon the clerical act of selecting an initial benchmark date for the meeting of creditors. It is immaterial to the establishment of the benchmark that subsequent events make it impossible to convene the meeting on the date set, because the holding of the meeting of creditors is not necessary to enable a creditor to file a complaint. If it were otherwise, no one could know the filing deadline until after a meeting is in fact convened.

■ The second error in the Plaintiff's reasoning, apart from its apparently erroneous belief that no trustee had been appointed prior to February 14, is the implicit assumption that without a trustee no meeting is possible. The meeting of creditors is the forum at which the creditors may examine the debtor and conduct business concerning the case, including the election of a trustee. Fed.R.Bankr.P. 2003. The U.S. Trustee calls the meeting and an officer designated by the U.S. Trustee presides at the meeting. Fed. R.Bankr.P. 2003(a) and (b). Neither Rule 2003 nor section 341(a) suggests that the interim trustee need be present at the meeting. A meeting of creditors may be commenced without a trustee.

For these reasons, the argument that the event scheduled for February 14, 1994, was not a meeting of creditors required by section 341(a) is untenable. The first date set for the meeting of creditors was February 14, 1994. That the meeting was not held on that date is irrelevant. *European–American Bank v. Hill (In re Hill)*, 48 B.R. 323 (N.D.Ga.1985). Accordingly, the Plaintiff's complaint was untimely.

■ 2. *Prejudice to the Plaintiff.* The contentions that the notice of the March 16, 1994 meeting was misleading and that the Plaintiff relied on that notice to its detriment also lack merit. First, the notice served on February 15, 1994 that a "new" meeting of creditors would be held on March 16, 1994 is not misleading. Plaintiff would distinguish the *Hill* case on the ground that there, the meeting was continued. Like a continued

meeting, however, a new meeting is not the benchmark from which one computes the deadline for filing complaints. The word "new" connotes that the meeting is one recently scheduled in place of a meeting previously scheduled but not held. Other than in the rare case of a change in the time of day of a scheduled meeting of creditors, a new, continued or rescheduled meeting requires the setting of a new date. That date is the second date set for the meeting, not the first.

The Plaintiff would read the notice of February 15, 1994, as if the word "new" had been omitted. Because that notice contained the word "new" and the words "all other information remains the same," the Plaintiff had a duty to inquire whether the date mentioned in the notice was the first date set for the meeting or merely the new date of the meeting.

The Plaintiff's reliance on *Themy v. Yu (In re Themy)*, 6 F.3d 688 (10th Cir.1993) is misplaced. In *Themy*, the meeting of creditors was continued, and the bankruptcy court erroneously issued a second notice setting a deadline for filing complaints. The bankruptcy court accepted a complaint filed after the initial 60–day period expired but prior to the expiration of the deadline specified in the second notice. Affirming the lower courts, the court of appeals stated that "[t]he bankruptcy court's acceptance of Yu's complaint, however, was not a sua sponte extension of the deadline, but was an exercise of the court's authority to correct its own errors." 6 F.3d at 689. The Sixth Circuit has held that the failure of a bankruptcy court to exercise its equitable power in such a situation to permit the complaint to proceed would be an abuse of discretion. *Nicholson v. Isaacman (In re Isaacman)*, 26 F.3d 629 (6th Cir.1994). In this case, however, there was only one notice stating a deadline for filing complaints and hence no basis for confusion about the deadline.

The suggestion of the Plaintiff that the court should have set a new filing deadline surely would have created a *Themy*-like situation. It is precisely because the court set

no new deadline that *Themy* and *Isaacman* do not apply to this case. Indeed, had the Commencement Notice stated that the deadline for filing complaints was "to be set," the notice would not have suspended the running of the limitations period. *Durham Ritz, Inc. v. Williamson (In re Williamson)*, 15 F.3d 1037 (11th Cir.1994).

Second, there is no evidence that the Plaintiff was misled by the notice or relied on it. The affidavit of Cathy Nash, Plaintiff's counsel, was the only evidence offered by the Plaintiff. She states no facts in that affidavit from which the court could conclude that the notices given in this case misled the Plaintiff in any way whatsoever. Ms. Nash does not state or even suggest that the Plaintiff relied on the February 15, 1994 notice. Receipt of a notice in no way implies reliance on it by the recipient.

For these reasons, it is

ORDERED that the Defendant's motion for summary judgment is GRANTED. The court will enter a separate judgment.